11 611
44 496

11 611
46 408

11 611
47 70

## BYRON SHERRY v. MAGNA W. SAMPSON.

1. TOWN SITES; *Probate Judge may Enter Lands.* Under the act of congress of May 23d, 1844, entitled "An act for the relief of citizens of towns, upon the lands of the United States, under certain circumstances," the probate judge in Kansas had the power to enter lands occupied as town sites whenever the judge of a *county court* could under said act enter such lands. But at least, after such power has been exercised by the probate judge, and the lands entered, the courts will not allow a person who has no interest in the lands to question the power of the probate judge.

2. TITLE TO LANDS *Entered as Town Sites; Duty of Probate Judge.* The probate judge, after entering such land, holds it in trust for the benefit of those actually occupying the town site, and according to their respective interests, and it is his duty to make deeds therefor to the actual occupants respectively; and when he has made a deed for any portion thereof to any person, it will be presumed in the absence of anything to the contrary that he has made the deed to the proper person; and a person who has no interest in the land will not be allowed to raise any question as to whether the probate judge has made the deed to the proper person or not.

3. ACKNOWLEDGMENT *of Deed.* On the 3d day of January, 1859, the probate judge could acknowledge the execution of a deed before the clerk of the probate court.

*Error from Marshall District Court.*

EJECTMENT, brought by *Sherry*, to recover possession of two lots in the town of Marysville, (formerly Palmetto.) Plaintiff claimed title in fee simple. *Sampson* answered, alleging title in himself. The action was tried before the court, without a jury, at the October Term 1872. Other facts are stated in the opinion. Judgment for defendant, and *Sherry* brings the case here on error.

*J. D. Brumbaugh,* for plaintiff in error:

The only question in the case is as to the admissibility of the deed from Clardy, probate judge, to Marshall, Brewster and others, members of the Palmetto Town Company. The land was patented to Clardy as probate judge in trust for the several use and benefit of the occupants of the town site of Palmetto, according to their respective interests, and as the proper corporate authority under the town-site act of congress. At the time the town site was entered by the probate judge, in October 1858, it did not enjoy the benefits or advantages of an incorporated town or city. When incorporated as a city in 1861 the land occupied by the Palmetto town site was included within the corporate limits of Marysville. It was perfectly competent for the probate judge under the act of congress of 23d of May 1844 to enter said tract of land as a town. site, upon the proper proof being adduced before the local land office, and the money and expenses furnished, to enter the same for the use of the occupants of said town site. An act of the territory of Kansas, approved February 12th, 1858, authorized the judge of the county court, or the mayor or chief officer of an incorporated town or city, to deed the land so entered as a town site to the town company who furnished the money to enter such town site. Laws of 1858, p. 400, § 2.

It may be said by the defendant in error that the deed objected to was not acknowledged before and certified by an officer who was authorized to take acknowledgments. The

probate court was a court of record, and authorized to have a clerk, and such clerk was authorized to take acknowledgments, without seal, except a private seal.

The court below sustained the objection to the admission of the deed as evidence, on the ground that it did not purport to be made by an officer authorized to enter town sites under the act of congress of 23d May 1844, and that the probate judge was not one of the persons authorized to enter a town site under the said act of 1844. We think if the department or the government saw proper to recognize the probate judge as the proper officer to enter a town site at the request of the occupants thereof, the parties are concluded by such decision in reference to this question; and the department for the last ten years has recognized the principle, and it has become a rule of property. Nearly one-half of the towns in this state have been entered by the probate judge of the county where the town is situated.

*Magill & Broughton*, for defendant in error. [No brief on file.]

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the recovery of certain real property. The property consists of two lots, situated in what was formerly the town of Palmetto, now Marysville, Marshall county. On the trial of the case in the court below, the plaintiff Sherry introduced in evidence a patent from the United States to Joseph E. Clardy, probate judge of Marshall county, for certain real estate, which includes the property in controversy. This patent shows that said real estate was patented to said "Joseph E. Clardy, probate judge of Marshall county, Kansas, in trust for the several use and benefit of the occupants of the town of Palmetto, according to their respective interests." The plaintiff then offered to introduce in evidence a certain deed for said real estate from said Joseph E. Clardy to certain persons named in said deed, "members of the Palmetto Town Com-

pany." The defendant Sampson objected to the introduction of said deed. The court sustained the objection. and the plaintiff excepted. The reasons for the objection to said deed are not given in the record, but they are stated in the defendant's brief. We shall therefore proceed to consider them in their order.

I. We do not understand that the defendant claims that said probate judge had no authority to enter said land. The plaintiff however seems to suppose that this is the only question in the case. The land was entered under the act of Congress of May 23, 1844, entitled "An act for the relief of citizens of towns upon the lands of the United States under certain circumstances." (5 U. S. Stat. at Large, 657. See also Comp. Laws of 1862, p. 889.) Said act of Congress provides that "it shall be lawful for the judges of the *county court* for the county in which such town may be situated to enter, at the proper land office, and at the minimum price, the land so settled and occupied, in trust for the several use and benefit of the occupants thereof, according to their respective interests," etc. Under this act the government of the United States has universally recognized the power of the probate judge to enter town sites, wherever the judge of a "county court" could so enter them. The "probate court" in one sense is a "county court." And it would seem from the action of the government that the words, "county court," as used in said act, were intended to mean any county court by whatever name such court might be known, and whether it was a county court for probate matters only, or whether it was a county court for general, common-law, chancery, or other jurisdiction. And now, after the government of the United States has recognized such power of the probate judge to exist, and after such power has been duly exercised in this particular case, we shall not declare in favor of a party who seems from the record to have no possible right, title, or interest whatever in the property in controversy, that no such power does exist. The court will not allow such a person to raise the question of the want of power of the probate judge.

II. The probate judge after entering said land held it in trust for the benefit of those actually occupying said town site, and according to their respective interests. This has already been so decided in this court, after a careful consideration of the question. ( *Winfield Town Co. v. Maris,* supra, 128.) It is true, the decision referred to was made under the act of congress of March 2d 1867, entitled "An act for the relief of the inhabitants of cities and towns upon the public lands." (14 U. S. Stat. at Large, 541. See also Gen. Stat., 1073.) But the said acts of May 23d 1844, and of March 2d 1867, are, so far as any question in this case is concerned, identical. It was the duty of said probate judge when he entered said land to make deeds for the same to the actual occupants thereof respectively. The town company may or may not have been an occupant. The individual members of the town company may or may not have been occupants. And other persons, not members of the town company, may or may not have been occupants. It was therefore not necessarily the duty of the probate judge to convey all of said land to said town company, as is claimed by the plaintiff; and it is possible that it may not have been his duty to convey any portion of the same to said town company. When the probate judge has made a deed for any portion of said land to any person it will be presumed in the absence of anything to the contrary that he has made the deed to the proper person; and a person who has no interest in the land will not be allowed to raise any question as to whether the probate judge has made the deed to the proper person or not.

III. This deed from the probate judge was acknowledged before the clerk of the probate court, January 3d, 1859. This was sufficient. At that time the probate court had a clerk. (Laws of 1858, page 202, § 34.) The court was a court of record, and had a seal. (Laws of 1855, page 227, § 6.) And a clerk of a court having a seal has always had the power in Kansas to take acknowledgments of deeds. (Laws of 1855, page 177, § 17, and subsequent laws.) The probate judge does not execute or acknowledge this deed as a part of

the business of the probate court. The clerk of the probate court does not take the acknowledgment as a part of the business of the probate court. The two acts are separate and distinct, and neither of them has the slightest reference whatever to probate business. The judge has power to enter lands occupied as town sites, and to make deeds of conveyance thereto, and the clerk has nothing whatever to do with these acts. The clerk has power to take acknowledgments of deeds, and when the clerk exercises this power the judge has nothing whatever to do with his acts. Each, in these respects, acts independent of the other. Could not the judge of the district court acknowledge the execution of a deed before the clerk of the district court? If not, could he be sworn before said clerk?

IV. It is claimed by the defendant that said deed was acknowledged before it was executed. This is a mistake. The record shows that the deed was executed October 28th, 1858, and acknowledged January 3d, 1859.

We have now disposed of all the questions raised by the defendant, or suggested by the plaintiff, with regard to the introduction of said deed in evidence. Others might be raised, but we have not chosen to raise them. There are none of the foregoing reasons sufficient to exclude said deed as evidence. The judgment of the court below must be reversed, and cause remanded for a new trial.

All the Justices concurring.