The opinion of the court was delivered by
Valentine, J.:
The only question presented to us in this case for our consideration is, whether §§ 4, 5 and 6 of the act providing for the sale of school lands, (Gen. Stat., 942, 943, laws of 1871, pp. 315, 316,) are unconstitutional or not. Under said sections Anderson Johnson made an application to the pi’obate court of Howard county, asking to be allowed to purchase a certain quarter-section of school land situated in said county. The probate court entertained the application, heard the questions involved therein, decided the case upon its merits, determined the same adversely to the applicant, and rendered judgment against him for the costs accruing therein. Johnson then applied to the district court, and the district court, on motion of the county attorney, dismissed the proceeding on the ground “ that the statutory provisions relating to such proceedings are unconstitutional and void, and the said probate court had no jurisdiction to hear and determine the matters and things set forth in the said petition,” *103 and then rendered judgment.for costs against said applicant. Johnson then brought the case on petition in error to this court.
We do not think that said sections are unconstitutional; or at most we do not think that they are unconstitutional as'' applied to this case. They provide that actual settlers upon the school lands who have settled thereon “prior to the first day of January 1871, and prior to. the United States survey of the Osage diminished reserve,” (Laws of 1871, pp. 315, 316,) and made improvements thereon, may purchase the same at the appraised value thereof, exclusive of the value of the improvements. And they also provide that the probate court shall have jurisdiction to hear and determine all questions necessary to be determined in order to ascertain whether the applicant is entitled to purchase said land under said sections, or not. It is claimed that said sections are unconstitutional because the jurisdiction that they attempt to confer upon the probate court is not probate jurisdiction, nor any jurisdiction authorized to be conferred upon probate courts by the constitution. For the sake of the argument, and for that only, we shall admit all this. And in the sanfe manner we shall further admit that it is a jurisdiction that cannot be forced upon any probate judge against his will. And still we do not think that said sections are unconstitutional. There is no prohibition in the constitution or elsewhere against the exercise of such jurisdiction by the probate courts. There is no inconsistency between 'the exercise of this jurisdiction, and the performance of any other duty that may rightfully be conferred upon probate, courts. And the probate courts or judges thereof may exercise this jurisdiction as consistently with the performance of their other duties, as they may take the acknowledgment of deeds, or solemnize marriages. This is a jurisdiction which has not been placed anywhere else, either by the constitution - or the statutes, and we certainly think the probate courts, or the judges thereof, may exercise it if they choose. This is not the first jurisdiction or power which has been conferred upon probate courts or probate *104 judges, aside from the ordinary powers or jurisdiction authorized by the constitution. They may take the acknowledgment of deeds; (Comp. Laws, 355, § 14; Gen. Stat., 186, § 9.) They may issue marriage licenses; (Gen. Stat., 560, § 4, et seq.) They may solemnize marriages; (Comp. Laws, 696, § 5; Gen. Stat., 56, § 10.) They may organize corporations, such as colleges, universities, and other institutions for the purpose of promoting education, religion, morality, agriculture, manufacturing, or the fine arts; (Comp. Laws, 360, 361, §§ 1, 2.) They may organize municipal corporations; (Comp. Laws, 398, § 1; Gen. Stat., 1064, § 1; Kirkpatrick v. The State, 5 Kas., 673, 677.) They may hold criminal courts; (Comp. Laws, 348, § 2; Miller v. The State, 2 Kas., 175, 180, 183; Rice v. The State, 3 Kas., 141, 163, 172; Clay v. The State, 4 Kas., 49, 54, 59; Kirkpatrick v. The State, supra.) They may hear and determine, as judges of courts, contested election cases; (Comp. Laws, 508, § 13, et seq.; Gen. Stat., 424, § 87, et seq.; Steele v. Martin, 6 Kas., 430, 436; Norton v. Graham, 7 Kas., 166.) They may issue subpoenas, take depositions, etc., in contested election cases not to be tried before them; (Comp. Laws, 507, § 7; Gen. Stat., 423, § 81.) They may in fact take depositions in any case, and for any court.; (Comp. Laws, 181, § 350; Gen. Stat., 696, § 348.) They may enter town-sites at the United States land-offices in trust for occupants; (Gen. Stat., 1073; Sherry v. Sampson, 11 Kas., 611; Winfield Town Co. v. Maris, 11 Kas., 128; McTaggart v. Harrison, supra, 62.) As to their power in the justification of bail in civil cases, in the district court, see Comp. Laws, 149, § 169; Gen. Stat, 658, § 161. As to granting injunctions for the district court, see Comp. Laws, 164, § 248; Gen. Stat., 675, § 239. As to appointing receivers for the district court, see Comp. Laws, 166, § 262; Gen. Stat., 677, § 254. As to proceedings in aid of execution, in the district court, see Comp. Laws, 205, § 471, et seq.; Gen. Stat., 724, § 482, et seq. We do not decide that all these acts of the legislature are constitutional, but we refer to them to show the general opinion upon this subject.
*105 The legislature in enacting said sections uses the words “probate courts,” instead of using some other designation for the persons intended. But the language must be liberally construed, so as to carry out the will of the legislature, and not to defeat it. The legislature undoubtedly intended to confer said jurisdiction upon the persons who exercise the jurisdiction of the probate courts, and not upon the courts themselves as probate courts. With this liberal construction said sections are valid, as far as they apply to this case. But as the legislature has designated the persons whom they intend shall exercise this jurisdiction as “probate courts,” it will be proper for such persons to carry on all the proceedings connected with such jurisdiction' in the name of the probate courts.
The judgment of the court below is reversed, and cause remanded with the order that the motion of the county attorney be overruled, and for further proceedings in accordance with this opinion.
All the Justices concurring.