Houck v. Kelsey.

*Aikin v. Satterlee*, 1 Paige, 289; *Mason v. Knowlson*, 1 Hill, 218.

The judgment will be affirmed.

All the Justices concurring.

---

### CALVIN N. HOUCK v. EBEN L. KELSEY.

RIGHTS OF PREËMPTOR, *Not to be Questioned by Stranger*. No one without a prior equitable right can question, in the courts, the claim of the preëmptor who holds the title from the government. If the preëmption was fraudulently obtained, the government may set it aside; but if the government acquiesces in it, a third party, having at the time no interest or equity in the land, cannot disturb the title.

### *Error from Montgomery District Court.*

EJECTMENT, brought by *Kelsey*, to recover possession of a quarter-section of land in Montgomery county, which he claimed to own in fee. *Houck* admitted possession, but claimed to be the equitable owner, alleging such facts as would entitle him to a preëmption-right to government land, and alleging that plaintiff's title was obtained through fraud practiced against the government by plaintiff's grantor. Second trial at the March Term 1875 of the district court. Judgment in favor of *Kelsey*, and *Houck* brings the case here.

*Turner & Ralstin*, for plaintiff in error.

*Geo. & Jos. Chandler*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case comes before us upon the allegations of the pleadings. The action was ejectment. The legal title of defendant in error was admitted, and plaintiff in error claimed an equitable title. And these are the facts alleged to show his equitable title: The land was entered by one Dallas Taggart on July 10th 1871, by him conveyed to C. E. Kelsey,

and from him to defendant in error. Both the Kelseys received title with full knowledge of all the facts. The land was subject to entry only by actual settlers in good faith. Taggart was not a settler, but by false and fraudulent testimony made his proofs, and obtained his certificate. The land being vacant, Houck moved upon it, on the 2d of August 1872, with the intention of preëmpting it; he made valuable and lasting improvements thereon, and has ever since continued to occupy it. He was qualified to make a valid preemption of government land, took all the steps necessary to perfect his right to preëmpt this land, and sought to make an entry and receive a certificate, but the land-officers rejected his application on the ground that the land had already been entered by Taggart. From this statement, these things appear: 1st, Kelsey's title was fraudulently obtained from the government; 2d, it was so obtained long before Houck had any possession of or interest in the land; 3d, the government is not disposed to question the fraudulent proceedings of Taggart, or to disturb the title acquired thereby. And from them it follows, that Houck is in no position to question Kelsey's title. In *Caruthers v. Weaver*, 7 Kas. 110, it was decided that a person having no title to or equities in a tract of land cannot question the consideration or good faith of one of the conveyances in the chain of title thereto. The principle is a plain one. If A. by fraud obtains a deed from B., it is B. that is wronged; and if he is willing to abide by the wrong, C., a stranger to the land, has no right to interfere, and say that the deed must not stand, and that the sale must be set aside. The party wronged is the only one who has any right to question the transfer. And that which is true in the case of individuals, is equally true when the grantor is the government. If a fraud is perpetrated upon it, and thereby a conveyance wrongfully obtained, it alone can set aside the transfer and recover the land. A stranger cannot right its wrongs, or compel it to take back lands which have been fraudulently obtained from it. The authorities are clear upon this proposition. "A third party cannot raise in

ejectment the question of fraud as between the grantor and grantee, and thus look beyond the patent or grant." *Field v. Seabury*, 19 How. 324. In the case of *Spencer v. Lapsly*, 20 Howard, on page 272, Justice Campbell quotes approvingly the language used by Baron Parke in delivering the opinion in the case of *Stephenson v. Newman*, 16 Law and Equity, to-wit: "The effect of ordinary fraud is not absolutely to avoid the contract or transaction which had been caused by the fraud, *but to render it voidable at the option of the party defrauded. The fraud only gives the right to rescind. In the first instance the property passes in the subject-matter, and vests till avoided. It is well settled, that one without a prior equitable right to the land cannot attack in the courts the claim of the pre-emptor who holds the title from the United States. The land department at Washington may cancel the entry; but the courts have no right to examine into the regularity of proceedings before the register and receiver, unless the claimant shows a prior equitable right to the land when the pre-emptor entered it.*" *Mumford v. McKinney*, 21 La. An. 547. A patent cannot be attacked collaterally even for *fraud*, whether charged to have existed in the procurement of the original grant, or in the proof of its execution, or in making the survey. For in these matters the right of interference rests only with the government. Individuals can resist the conclusiveness of the patent only by showing that it *conflicts* with prior rights vested in them. *Moore v. Wilkerson*, 13 Cal. 478. "Now it is apparent that all this charge, as made in the answer, tends to show that the United States were defrauded by this proceeding. *These defendants did not suffer therefrom. But the United States do not complain. On the other hand, with every means of inquiring into such a matter in their own tribunals, by their own officers, they accept the sale as a fair one.* * * * *These defendants cannot avail themselves of an injury which they charge another has suffered, when the injured party does not only not complain, but even affirms the act by which it was inflicted.*" *Root v. Shields*, 1 Woolworth U. S. Ct. Ct. 340. See also *Stark v. Barrett*, 15 Cal. 361; *Mahoney v. Van Winkle*,

33 Cal. 448; *Gibson v. Chouteau's Heirs,* 39 Mo. 536, 565; *United States v. Stone,* 2 Wall. 525; *Waterman v. Smith,* 13 Cal. 373; *Leese v. Clark,* 18 Cal. 535; *Brush v. Ware,* 15 Peters, 93. It seems unnecessary to multiply authorities in support of a proposition that is so clear.

The judgment will be affirmed.

All the Justices concurring.