J. C. GUFFIN, *et al.*, V. EDWARD LINNEY.

<div style="float:right">26   717<br>51   137</div>

TOWN SITE; *Paramount Title of Occupant.* In 1871 the probate judge
of Cloud county filed in the United States land office a declaratory
statement, under the act of congress of March 2, 1867, (14 U. S. Stat. at
Large, p. 541,) claiming a large tract of land as a town site, the town
being named "Concordia." This large tract of land included the forty-
acre tract of land which included the property now in controversy.
This forty-acre tract of land was at that time vacant and unoccupied,
and while vacant and unoccupied, L. entered upon the same, took pos-
session thereof, and entered the same at the United States land office as
a homestead. Afterward, the town of Concordia was incorporated as a
city of the third class, and the mayor thereof attempted to enter the
whole of said town site, including said forty acres, at the United States
land office; but the local officers refused to permit such entry. The
mayor took an appeal to the commissioner of the general land office, who
decided in his favor, and the decision was affirmed by the secretary of the
interior, and the homestead entry of L. was on June 22, 1876, canceled.
After that time L. has claimed the property in controversy as an occupant
of the town site. L. has been continuously in the possession of the prop-
erty in controversy ever since he first took possession thereof, and no
other person has ever been in the possession of the same. After L.'s home-
stead entry was canceled, and on September 19, 1877, a patent was issued
by the United States, under the said act of congress of March 2, 1867, to
said mayor, in trust for the several use and benefit of the occupants of the
city of Concordia; and on June 4, 1879, the mayor executed a deed for
the property in controversy to G., who had never been in the possession
of the property; and no person except L. has ever had the possession
thereof. *Held,* That L.'s title is paramount to that of G., or to that of
any person claiming under G.

*Error from Cloud District Court.*

EJECTMENT, brought by *Guffin* and wife against *Linney*, to
recover certain lots in the city of Concordia. Trial at the
August Term, 1880, of the district court, and judgment for the
defendant. The plaintiffs bring the case here. The opinion
states the facts.

*L. J. Crans,* for plaintiffs in error.
*F. W. Sturges,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment, brought by J. C. Guffin and S. C. Guffin, his wife, against Edward Linney, to recover certain lots in the city of Concordia. These lots were originally a part of the southwest quarter of the southwest quarter of section thirty-three, in township five, of range three. On July 29, 1871, the probate judge of Cloud county filed in the United States land office a declaratory statement, under the act of congress of March 2, 1867, (14 U. S. Stat. at Large, p. 541,) claiming this land, along with other land, as a town site. At this time the forty-acre piece of land above mentioned was vacant and unoccupied, but a portion of the other land included in the declaratory statement was settled upon and occupied as a town site; and the town was named "Concordia." On August 7, 1872, the town of Concordia was incorporated as a city of the third class. On June 3, 1873, the defendant entered upon said forty acres of land, and claimed the same as a homestead, and on the next day thereafter entered the same as a homestead at the United States land office. At this time it does not appear that any portion of the land was occupied by any other person. On June 17, 1873, the mayor of Concordia attempted to enter at the United States land office the whole of said town site, including said forty acres of land; but the local officers refused to permit such entry, and the mayor took an appeal to the commissioner of the general land office. The commissioner of the general land office decided in favor of the mayor, reversing the decision of the local land officers, and the secretary of the interior affirmed the decision of the commissioner. This was done on June 5, 1876; and on June 22, 1876, the local land officers canceled the homestead entry of the defendant, and permitted the mayor of Concordia to enter all the property claimed as a town site. Afterward, and on September 19, 1877, a patent was issued by the United States, under the said act of congress of March 2, 1867, to the said mayor, in trust for the

several use and benefit of the occupants of the city of Concordia. On June 4, 1879, the mayor executed a deed for the property in controversy to Henry L. Guffin. Afterward Guffin died, and his interests in the property descended to the plaintiffs in this action, J. C. Guffin and S. C. Guffin, and on July 5, 1879, the plaintiffs commenced this action.

From the foregoing facts it will be seen that the plaintiffs hold the legal title to the property in controversy; but the defendant claims that he holds the paramount equitable title thereto.

At the time that the probate judge filed his declaratory statement, as aforesaid, the said forty acres of land were vacant and unoccupied; and it does not appear that at that time either the plaintiffs or defendant, or Henry L. Guffin, resided thereon, or upon any portion of the town site. And at the time that the defendant took possession of said forty acres of land, it does not appear that any portion of the same was occupied by any other person; and the decision of the secretary of the interior was founded upon the theory that it was not necessary in order to include it in the town site that it should be so occupied. His theory is: That in order to include several forty-acre tracts of land in a town site under said act of congress, it is not necessary that they should each and all be occupied by settlers or inhabitants; and upon this theory he decided the case against the defendant and in favor of the mayor of said city; that is, he decided that this forty-acre tract of land, notwithstanding the fact that it was not occupied by any person except the defendant, had nevertheless already been appropriated as a part of a town site under said act of congress, when the defendant made his homestead entry; and therefore that the homestead entry was void.

At the time the mayor attempted to enter the town site, Henry L. Guffin resided upon the town site; but not upon any portion of said forty-acre tract of land. The defendant has continuously been in possession of the property in controversy ever since he first took possession thereof in June,

1873, up to the present time, and neither Henry L. Guffin, nor the plaintiffs, nor any other person, has ever been in the possession thereof.

The defendant now claims the property by virtue of being an occupant thereof under the said act of congress of March 2, 1867, and he has claimed the property in that manner ever since the secretary of the interior declared against his homestead entry.

The court below decided in favor of the defendant's claim to the property, and we think such decision is correct; and therefore the judgment of the court below will be affirmed.

All the Justices concurring.