THE STATE OF KANSAS, *ex rel. A. W. Edgerly, County Attorney,* v. C. O. BROWN, *as Probate Judge of Coffey County.*

PROBATE JUDGE—*No Forfeiture of Office.*  The duties imposed upon a probate judge by the provisions of § 3, chapter 8, Special Session Laws of 1874, concerning the examination and counting of the funds in the hands of a county treasurer, are distinct from the duties pertaining to the judicial office, and are somewhat in the nature of a new office.  Therefore the right of a probate judge to enjoy the powers and emoluments of his office as probate judge does not depend upon a faithful discharge of the duties so imposed by said statute; and if he fails or neglects to make the examination and count required by the statute, he does not thereby forfeit his office as probate judge.

*Original Proceedings in Quo Warranto.*

ON November 11, 1885, The State of Kansas, *ex rel.* A. W. Edgerly, county attorney of Coffey county, filed the following petition against C. O. Brown, probate judge of said county:

"The State of Kansas, on the relation of A. W. Edgerly, county attorney of Coffey county, Kansas, and by virtue of the authority vested in him by law, gives the court here to understand and be informed, that at the general election of the year 1884, and on the 4th day of November, 1884, said defendant, C. O. Brown, was duly elected to the office of probate judge of Coffey county, Kansas, for the term of two years, to commence on the second Monday of January, 1885; that subsequently the said defendant duly qualified for said office, and on the second Monday of January, 1885, duly entered upon the discharge of the duties of his said office of probate judge of

said county, and that ever since said second Monday of January, 1885, said C. O. Brown has been acting as probate judge of said county; that on and prior to the 1st day of January, 1885, and continuously since the 1st day of January, 1885, till after the 25th day of July, 1885, one D. V. Mott was the duly elected, qualified, and acting county treasurer of Coffey county, Kansas; that the said C. O. Brown, as judge of the said probate court, has, during his said term of office, neglected and refused to perform certain acts hereinafter particularly set forth and stated, which it was his duty as judge of the said probate court to perform, which neglect and refusal to do said acts cause and work a forfeiture of his said office of probate judge of said Coffey county, Kansas.

"1. He, the said C. O. Brown, as judge of the said probate court, neglected and refused, during the first quarter of this, the year 1885, to examine and count the funds in the hands of said D. V. Mott, the county treasurer as aforesaid of said Coffey county.

"2. He, the said C. O. Brown, as judge of the said probate court, neglected and refused, during the second quarter of this, the year 1885, to examine and count the funds in the hands of the said D. V. Mott, the county treasurer as aforesaid of said Coffey county.

"3. He, the said C. O. Brown, as judge of the said probate court, has during all the months of January, February, March, April, May, June, and July, in this, the year 1885, neglected and refused, and he has not at any time in any of the said months made any attempt to examine and count the funds in the hands of the said D. V. Mott, the county treasurer as aforesaid of said Coffey county and by reason of his said failure as aforesaid to examine and count the funds in the hands of the county treasurer aforesaid, as is required by law, the said D V. Mott, county treasurer of said Coffey county, made default in a large sum, to wit, in the sum of forty-five thousand dollars.

"Therefore said county attorney, on behalf of and in the name of the state of Kansas, prays judgment that the said C. O. Brown, by reason of his aforesaid acts, refusal to act, and misconduct, may be adjudged and declared to have forfeited his said office of probate judge of Coffey county, Kansas, and that he be ousted and removed therefrom."

The defendant filed the following demurrer, (omitting court and title:)

"Comes now said defendant, C. O. Brown, probate judge of

Coffey county, Kansas, and demurs to the petition of the plaintiff filed herein, for the following reasons, to wit:

"1. This court has no jurisdiction of the subject of the action attempted to be stated in the said petition.

"2. Said petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against this defendant."

The opinion herein was filed at the April, 1886, session of the court.

*A. W. Edgerly*, county attorney, for The State; *S. B. Bradford*, attorney general, and *E. A. Austin*, of counsel; *Hazen & Isenhart*, special counsel.

*G. E. Manchester*, for defendant; *G. N. McConnell*, and *John M. Rankin*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This is an action in the nature of *quo warranto*, brought by the plaintiff to remove the defendant from the office of probate judge of Coffey county, in this state, because of an alleged failure to perform the duties imposed by § 3, chapter 8, Special Session Laws of 1874. This section reads as follows:

"It shall be the duty of the probate judge in each county, once during each quarter of each year, without notice to said county treasurer, to examine and count the funds in the hands of the county treasurer; and the county commissioners of each county shall, prior to each examination, appoint two persons, citizens and tax-payers of the county, whose duty it shall be to assist the probate judge in making the examination aforesaid; but no person so appointed shall act as examiner more than once in the same year." (Comp. Laws of 1879, ch. 25, § 75c.)

It has already been decided that the legislature may confer new duties —judicial, *quasi* judicial, or ministerial — upon probate courts or probate judges in this state, aside from the ordinary powers authorized by the constitution. (*In re Johnson*, 12 Kas. 102; *Young v. Ledrick*, 14 id. 92; *The State, ex rel.*,

*v. Majors,* 16 id. 440; *Intoxicating-Liquor Cases,* 25 id. 751.) Whether they could be compelled to perform the duties which the various acts of the legislature undertake to require of them, outside of the jurisdiction defined by the constitution, has never been settled by this court. The decisions recognizing the authority of the legislature to confer upon probate courts and probate judges additional powers or duties not defined by the constitution, seem to assume that the authority thus exercised constitutes powers and duties distinct from those of a probate court or probate judge. Thus, in granting injunctions for the district court, a probate judge acts in the capacity of a commissioner of that court; a probate judge in granting a druggists' permit, acts somewhat as a commissioner of licenses or permits. (*In re Johnson,* supra; *Intoxicating-Liquor Cases,* supra; *State v. Laughton,* [S. C. of Nev.] 8 Pac. Rep. 344. See also the decisions of Benson, J., and Spilman, J., upon the power to appoint a county auditor, 2 Kas. Law Jour. 39–57.) To require of a probate judge the performance of the duties imposed by said chapter 8, none of which pertain to the judicial office, and for the performance of which the judge must leave his court room and enter an office separate from his own and there perform purely ministerial acts for several days in each year, is in the nature of attempting to put upon him the duties of another office, although in the discharge of such new duties he still may be styled a probate judge. In the performance of such duties he is not acting as a judge or as a court. Therefore we cannot say in this proceeding that the defendant's right to hold the office of probate judge and enjoy the powers and emoluments thereof, depends upon a faithful discharge of the duties imposed by the statute above cited. If the defendant has failed or neglected to do something which said statute requires, he may, perhaps, be removed from such new office or position; but because he does not comply with that statute, he has not forfeited his office as probate judge, and therefore cannot be removed therefrom under the allegations of the petition.

*The State, ex rel. the Atty. Gen., v. The Judges of the Court of Common Pleas,* 21 Ohio St. 1, to which we are referred, is not in accordance with the prior adjudications of this court.

The demurrer will therefore be sustained.

All the Justices concurring.