THE MARYSVILLE INVESTMENT COMPANY v. HARRIET
J. MUNSON *et al.*

1. TOWN COMPANY, *Ceases to Exist, When.* The Palmetto Town Company
   was created by an act of the legislature, approved February 5, 1857,
   which failed to provide the duration of its existence; *held,* that it
   ceased to exist ten years after its creation, and that it was thereafter
   powerless to execute a conveyance of real estate.

2. TOWN-SITE — *Duty of Probate Judge — Construction of Deed.* It is the
   duty of a probate judge who has entered a town-site in trust for the
   benefit of the occupants thereof under the act of congress of May 23,
   1844, entitled "An act for the relief of citizens of towns upon the
   lands of the United States under certain circumstances," to convey
   the same to occupants of the town-site, and the legislature cannot
   prescribe a rule for the execution of the trust which will change its
   character or divert the property to others than the occupants of
   such town-site; and where the probate judge has executed a deed
   conveying the town-site it will be presumed, in the absence of a con-
   trary showing, that the grantees therein were the beneficiaries of the
   trust and entitled to a conveyance.

3. DEED, *Not Void — Evidence.* The probate judge who entered the
   town-site of Palmetto executed a conveyance of the same to twelve
   persons, who were described in the deed as "members of the Pal-
   metto Town Company." Subsequently, the grantees executed indi-
   vidual deeds to the plaintiff, and later, the plaintiff brought an action
   against the defendants for the recovery of a portion of the town-
   site. *Held,* That the conveyance of the probate judge was not void,
   and that the deeds of his grantees were admissible in evidence in
   that action.

*Error from Marshall District Court.*

EJECTMENT. Judgment for the defendants, at the October
term, 1889. The plaintiff *Company* brings the case to this
court. The facts are stated in the opinion.

*W. A. Calderhead, A. E. Park,* and *Glass & Polack,* for
plaintiff in error.

*Cal. T. Mann,* and *E. Hutchinson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to review the rulings
and judgment of the district court of Marshall county, given

in an action of ejectment, brought by the Marysville Investment Company against Harriet J. Munson, A. K. Munson, and J. D. Farwell, for the recovery of six lots in the town of Palmetto, now a part of the city of Marysville, in Marshall county, and also for damages in withholding the possession of the same. The greater part of the evidence offered by the plaintiff was excluded by the court, and these rulings are now assigned for error.

The plaintiff first offered in evidence a patent from the United States conveying to Joshua E. Clardy, probate judge of Marshall county, a quarter-section of land, "in trust for the several use and benefit of the occupants of the town-site of Palmetto, according to their respective interests." The tract so conveyed includes the land in controversy, which then formed the town-site of Palmetto, and now constitutes a part of the city of Marysville.

There was next offered in evidence a deed for the same real estate from Joshua E. Clardy, as judge of the probate court, to F. J. Marshall, A. Morell, W. S. Bruster, O. D. Prentiss, J. A. Quarles, R. Y. Shibley, J. P. Miller, R. A. West, A. S. Vaught, J. R. S. Alston, J. H. Myers, and James S. Magill, who are mentioned in the deed as "members of the Palmetto Town Company." The date of this conveyance is October 28, 1858. Testimony was offered tending to show that the town-site had been platted and subdivided into lots, blocks, streets and alleys.

The plaintiff offered in evidence a deed bearing date July 10, 1888, from the Palmetto Town Company to the Marysville Investment Company, purporting to convey the lots in controversy, and also a large number of other lots which had formed a part of the Palmetto town-site, and which had been entered by Probate Judge Clardy, in trust for the use and benefit of the occupants, but this deed was excluded by the court. The objection to the deed and the ground of its exclusion was, that prior to the time of its execution the town company had ceased to exist as a corporation and was without power to execute a conveyance of real estate; and of this ruling complaint is made.

The Palmetto Town Company was created by a special act of the territorial legislature of Kansas, which took effect on February 5, 1857. (Laws of 1857, p. 353.) There was no limitation in the act creating the corporation as to the period of its existence, but the general law relating to corporations which was then in force provided that where there was no limitation in the charter creating the corporation, it should only exist for a period of ten years. (Laws of 1855, p. 185.) Applying this limitation, the Palmetto Town Company ceased to exist as a corporation in February, 1867, more than twenty years prior to the date of the deed which it undertook to exe-

1. Town company, ceases to exist, when.

cute. It was then powerless to execute a convey-ance, and the deed in question was open to the objection made by the defendants, and was prop-erly excluded by the court. (*Krutz v. Town Co.*, 20 Kas. 397.) The plaintiff then offered in evidence a deed dated December 28, 1888, executed by F. J. Marshall and his wife to the Marysville Investment Company, purporting to convey their interest in the quarter-section of land that had been entered as the Palmetto town-site, including all the lots remaining unsold, or which had been conveyed by the Palmetto Town Company. This deed was rejected by the court, as were a number of other deeds of like character and of or about the same date, executed by the grantees mentioned in the deed from Probate Judge Clardy, and who were described as mem-bers of the Palmetto Town Company. It was urged that the deeds were incompetent because the only title which the grantors had in the property was derived from the deed of Probate Judge Clardy to F. J. Marshall and others, and that as the deed of the probate judge does not purport to convey title to the Palmetto Town Company, but by its terms under-takes to convey to F. J. Marshall and others, as individuals, such conveyance was not in accordance with the rules and regulations prescribed by the legislature of the territory of Kansas relating to the entry and disposal of town-sites; and the court held that the deed from the probate judge was inef-

fectual to convey any title to the grantees named therein as individuals, and as they individually acquired no title by that deed, they could not as individuals convey any title to the Marysville Investment Company.

We think the court erred in holding the deed of the probate judge to F. J. Marshall and others, to be void, and also in excluding the individual deeds executed by these parties to the Marysville Investment Company. It is conceded that the Marysville Investment Company is a corporation having power to purchase and hold real estate, and also to sell and convey the same. It is further shown that F. J. Marshall and the other grantees named in the deed from the probate judge were actual occupants of the town-site of Palmetto at the time the deed was executed by the probate judge, and therefore were equitable owners of at least a part of the town-site, and it was the duty of the probate judge, who only held the naked legal title, to convey the same to the occupants of the town-site. It is contended, however, that the deed by the probate judge was not made in conformity to the act of congress under which the land was entered, nor with the rules and regulations prescribed by the legislature of the territory relating to the sale and disposition of town-sites. The act of congress under which the Palmetto town-site was entered authorized the probate judge to enter lands settled and occupied as a town-site, "in trust for the several use and benefit of the occupants thereof, according to their respective interests," and provided that "the execution of which trust as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the state or territory in which the same is situated." There was a further provision "That any act of said trustees not made in conformity with the rules and regulations herein alluded to shall be void and of none effect." (5 U. S. Stat. at Large, 657.) The territorial legislature of 1858 passed an act to regulate the entry and disposal of town-sites under this act of con-

gress, and provided that where "the persons who selected or laid out such town-site, or their assigns, have been or shall hereafter be incorporated as a town company, with power to purchase and hold the land on which such town-site is situated, it shall be the duty of the person or persons entering such town-site to convey the land thus entered to such incorporated company; and where the persons who laid out such town have not been incorporated, it shall be the duty of the persons entering such town-site to convey the land and lots embraced in such town-site to the persons who laid out such town, or to their assigns." (Laws of 1858, ch. 72, § 2.) It is contended that as the Palmetto Town Company was incorporated, it was the duty of the probate judge to convey the town-site to that company, and not having done so according to the rule prescribed by the legislature, the deed which he did make to the individuals was void. It is true that the Palmetto Town Company was incorporated in 1857 by a special act of the legislature, and it is also true that the deed of the probate judge conveyed the town-site to certain individuals instead of to the Palmetto Town Company; but these facts alone do not render the deed ineffectual and void. The occupants of the town-site, whoever they may have been, were the equitable owners of the land settled upon and occupied, and they were entitled to a conveyance from the probate judge. Their rights were fixed by the act of congress, and the legislature was powerless to prescribe a rule which would give the land and lots to others than the occupants thereof. The provisions of the legislative act mainly conform to the act of congress, but so far as they may conflict with that act they must be held to be void. If the town company was an occupant of any portion of the town-site, it was entitled to a conveyance of its respective interest; but if it was not an occupant, or if it was not organized and in existence at the time the deed was made, then it was not entitled to a conveyance of the town-site or any part thereof. The probate judge having made the deed to these individuals, it will be presumed, in the absence of evidence

2. Town-site—duty of probate judge—construction of deed.

to the contrary, that the parties to whom the deed was made were occupants, and entitled to a conveyance, and that the town company was not an occupant nor entitled to a conveyance. Independent of this presumption in favor of the grantees in the deed of the probate judge, there is proof in the record that they had settled upon and were actual occupants of the town-site before and at the time of the conveyance. In *Sherry v. Sampson*, 11 Kas. 611, a question affecting the same town-site and the same deed under consideration was before the court. It was there said that "it was the duty of said probate judge, when he entered said land, to make deeds for the same to the actual occupants thereof respectively. The town company may or may not have been an occupant. The individual members of the town company may or may not have been occupants. And other persons, not members of the town company, may or may not have been occupants. It was therefore not necessarily the duty of the probate judge to convey all of said land to said town company, as is claimed by the plaintiff; and it is possible that it may not have been his duty to convey any portion of the same to said town company. When the probate judge has made a deed for any portion of said land to any person it will be presumed, in the absence of anything to the contrary, that he has made the deed to the proper person; and a person who has no interest in the land will not be allowed to raise any question as to whether the probate judge has made the deed to the proper person or not. (See also *Town Co. v. Maris*, 11 Kas. 128.) Whether or not there were other occupants of the town-site than those named as grantees in the deed of the probate judge does not appear, and what was the individual interest of each grantee in the town-site is not shown. They may have been the only occupants and entitled to the entire town-site, and the

**3. Deed, not void—evidence.** fact that the whole site was conveyed to all the grantees together, instead of conveying to each one a distinct share of the same, while possibly irregular, will not render the conveyance void. If they were the only occupants, and acquired the whole title, they could, by uniting,

convey a complete title to others, and the deeds made by them or any of them, would be receivable in evidence. If the land was conveyed to them as trustees, as provided in § 10 of the act regulating the entry and disposal of town-sites, then a conveyance from them would transfer their title, and the deeds made by them would be competent evidence. (Laws of 1858, ch. 72, § 10.) The rights of the parties and the effect of the conveyances cannot, however, be determined in this case. The testimony was cut short by the exclusion of the conveyances referred to, and as the rights and relations of F. J. Marshall and other grantees in and to the town-site in question were not fully disclosed, we will not. at this time undertake to define their rights or the effect of the conveyances which they made. The interest claimed in the land by the defendants was not set out or shown, and hence the case is in no condition for the final decision of the rights of the respective parties. We only decide that the conveyance of the probate judge was not void, and that the deeds of the grantees in that conveyance were admissible in evidence.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.