THE MARYSVILLE INVESTMENT COMPANY v. WILHELM HOLLE, F. ANTON KIENLEN, AND WILHELMINIE KIENLEN.

No. 178.

1. TOWN SITE — *actual occupant of, entered under act of Congress approved May 23, 1844, and chapter 72, Laws of 1857-8 page 399, entitled to his portion of, regardless of acts of officials under such laws.* An actual occupant of a town site upon Government lands entered by a probate judge under the act of Congress, approved May 23, 1844, (U. S. Stat. at Large, vol. 5, p. 657,) for the relief of citizens of towns upon lands of the United States under certain circumstances; and an act to regulate the entries and disposal of town sites, (Laws 1857-8, ch. 72, p. 399,) is entitled to the possession of the portion thereof actually occupied by him, regardless of the report of the commissioners or the deed of the probate judge.

2. ———— *report of commissioners and deed of probate judge under such laws conclusive, when and as to what.* Unless impeached for fraud or by some direct proceeding within a reasonable time, the report of the commissioners and the deed of the probate judge are conclusive and final, as to the disposition of unoccupied lots among the actual occupants of said town site or for their general good.

3. ———— *corporation, through its members acting for it, may be sole occupant of.* A corporate company may be, through its members acting for such corporation only and not in their individual right, the sole and exclusive occupant of a town site; and under such circumstances the probate judge should convey such town site to such company.

MARYSVILLE INVESTMENT CO. v. HOLLE.    409

March 22, 1897.        Opinion.    Wells, J.              C. Div.

4. ——— *issue as to whether deed conveyed title, circumstances and understanding under which executed proper subjects of inquiry.* The principal question in this case being whether the deed from a probate judge conveyed any title to the grantees therein named, the understanding and circumstances under which said deed was made and accepted, and the actions of the grantees thereunder, were proper subjects of inquiry; and any competent evidence tending to establish the defendant's claim in relation thereto was proper.

5. ——— *grantees in deed accepting as officers of town company and asserting title in corporation, estopped from claiming as individuals.* If the grantees in said deed from the probate judge accepted the same as officers and members of a town company only, and afterwards for a great number of years held out to the world and asserted that said company was the exclusive owner of said property, and caused the people on said town site to believe, and act upon the belief, that such was the fact, they are now estopped from claiming the title to themselves thereunder.

Error from Marshall District Court.   Hon. R. B. Spilman, Judge.   Opinion filed March 22, 1897.   *Affirmed.*

*W. S. Glass*, for plaintiff in error.
*E. Hutchinson*, for defendants in error.

WELLS, J.   This is an action brought in the District Court of Marshall County, Kansas, by the Marysville Investment Company, a corporation, against the defendants herein, for the possession of certain lots in the town of Palmetto, a part of the city of Marysville, Marshall County, Kansas, and for the rents and profits thereof.   The verdict was for the defendants.

The plaintiff to prove its title introduced :

*First.* The patent from the United States to Joshua E. Clardy, as probate judge of Marshall County, Kansas, in trust for the use and benefit of the occupants of the town site of Palmetto, according to their respective interests under the act of Congress of May

410    MARYSVILLE INVESTMENT CO. v. HOLLE.

N. Dept.              Opinion.   Wells, J.          5 Kan. App.

23, 1844 ( U. S. Stat. at Large, vol. 5, p. 657). *Second.*
A deed from Joshua E. Clardy, probate judge of Mar-
shall County, Kansas Territory, dated the twenty-
eighth day of October, 1858, to certain parties therein
designated as members of the Palmetto Town Com-
pany. *Third.* A series of deeds from the larger part
of the grantees in the above-mentioned deed, their
heirs, legal representatives and assigns, to the plain-
tiff in error herein, quitclaiming unto said company
the land described in plaintiff's petition, it being a
part of the same land described in the patent to the
probate judge and in the deed from the probate judge
to the grantees therein. These deeds pretended to
convey to the plaintiff in error, the undivided forty
two sixtieths of the property conveyed by the probate
judge. The defendants substantially admit that their
title is only a possessory one, being founded as to part
of the lots, on void tax deeds.

The principal question in this case is in relation to
the deed from the probate judge to the parties therein
described as grantees. The defendants claim in sub-
stance that the deed from the probate judge, under
an act of Congress for the relief of citizens of towns
upon the lands of the United States under certain
circumstances, approved May 23, 1844 ( U. S. Stat.
at Large, vol. 5, p. 657), and an act to regulate the
entries and disposal of town sites ( Laws of Kansas
1857–'58, ch. 72, p. 399), should have been made
to the Palmetto Town Company, that company be-
ing the party legally entitled to the same. It was
further contended by the defendants that the deed
from the probate judge was intended to convey the
property to the Palmetto Town Company, and that
that was supposed by the parties to be its legal effect.
A large amount of evidence was introduced tending

to show that the deed in controversy was made, acknowledged and delivered with that view; that the Palmetto Town Company assumed control of the property, subdivided it into lots and made a large number of conveyances thereof, and that the individual members of the town company never asserted or claimed any interest in the property of the town company until long after the town company, as a corporation, became extinct by lapse of time.

The Supreme Court, in *Investment Co. v. Munson* (44 Kan. 491), had this identical deed before it for consideration. In that case this plaintiff was claiming, through the town company, under this deed, a title to the lots in controversy in that action; and the court held that the Palmetto Town Company was created by an act of the Legislature, approved February 5, 1857 (Laws 1857, p. 353), which failed to provide the duration of its existence, that it ceased to exist ten years after its creation, and that it was therefore powerless to execute a conveyance of real estate at the date of the deed offered in evidence. After the deed from the town company had been offered and excluded by the court, the plaintiffs offered a deed from F. J. Marshall, one of the grantees in said deed from the probate judge, purporting to convey his interest in the land that had been entered as the Palmetto town site, including all the lots remaining unsold or which had been conveyed by the Palmetto Town Company. This deed was rejected by the court below, as were a number of other deeds of like character executed by the grantees mentioned in the deed from the probate judge, and who are therein described as members of the Palmetto Town Company. It was urged that the deeds were incompetent because the only title which the grantors had in the property was derived

412   MARYSVILLE INVESTMENT CO. v. HOLLE.

N. Dept.          Opinion.   Wells, J.          5 Kan. App.

from the deed of the probate judge to F. J. Marshall and others, and that, as the deed of the probate judge does not purport to convey title to the Palmetto Town Company, but by its terms undertakes to convey to F. J. Marshall and others as individuals, such conveyance was not in accordance with the rules and regulations prescribed by the Legislature of the Territory of Kansas, relating to the entry and disposal of town sites; and the court below held as a matter of law, that the deed from the probate judge was ineffectual to convey any title to the grantees named therein as individuals, and as they individually acquired no title by that deed they could not as individuals convey any title to the Marysville Investment Company. This the Supreme Court held was error, saying :

"The probate judge having made the deed to these individuals, it will be presumed, in the absence of evidence to the contrary, that the parties to whom the deed was made were occupants, and entitled to a conveyance, and that the town company was not an occupant nor entitled to a conveyance. . . . The rights of the parties and the effect of the conveyances cannot, however, be determined in this case. The testimony was cut short on the exclusion of the conveyances referred to, and as the rights and relations of F. J. Marshall and other grantees in and to the town site in question were not fully disclosed, we will not at this time undertake to define their rights or the effect of the conveyances which they made."

In the case under consideration the questions contested by the defendants were, that the deed in controversy was made intending to convey the property to the Palmetto Town Company; that the deed was delivered to the town company, accepted by it, and the expenses of platting and managing the property paid by the company; and, that the individual members never claimed the property as their own, but claimed

MARYSVILLE INVESTMENT CO. v. HOLLE.    413

March 22, 1897.        Opinion.    Wells, J.              C. Div.

it as the property of the company, and were estopped from asserting personal ownership therein.

In *Winfield Town Co. v. Maris* ( 11 Kan. 128 ), the United States statute in question was held to be intended for the benefit of those actually occupying the town site by settlement and improvement, and to secure to them severally, at the minimum price, all lands actually occupied by them, and the benefit of the sale of such other lands within the limits of the town as were not actually occupied ; and it was held that while the state authorities have the right to provide the rules and regulations by which said trust is to be executed, yet they cannot change the trust by substituting other beneficiaries than those indicated in the act of Congress,— the court adding, '' The law was made for the benefit of the occupants of the town, and not for speculators.''    This decision was followed in the case of *Independence Town Co. v. DeLong* ( 11 Kan. 152).

In the case of *Sherry v. Sampson* ( 11 Kan. 611 ), the court held, in a case in relation to this same town site, that the probate judge was the proper party to enter the land, and after entry he held it in trust for the benefit of those actually occupying the town site, according to their respective interests, and it is his duty to make deeds therefor to the actual occupants respectively ; and when he has made a deed for any portion thereof to any person, it will be presumed, in the absence of anything to the contrary, that he has made the deed to the proper person.

In the case of *Jackson v. Winfield Town Co.* (23 Kan. 542), the question as to what should become of the unoccupied lots of a town site entered under said act was suggested but not decided.

In the case of *Rathbone v. Sterling* (25 Kan. 444),

414    Marysville Investment Co. v. Holle.

N. Dept.          Opinion.   Wells, J.          5 Kan. App.

the court held that the award of commissioners and deed of the probate judge were not conclusive as against an actual possessor and sole occupant of a lot in such town site ; but the argument in the opinion indicates, though not expressly so deciding, that the award of the commissioners and the deed of the probate judge are conclusive in relation to the distribution of the unoccupied lots, unless the same were impeached.

In *Guffin v. Linney* (26 Kan. 717), the court held that the title of the actual occupant is superior to the title under the deed from the probate judge. These are all the decisions of our Supreme Court we have been able to find, bearing on the issues of this case, and from them it seems to us we are justified in deducing the following general principles :

*First,* an actual occupant of such a town site is entitled to the portion thereof actually occupied by him, regardless of the decision of the commissioners or the deed of the probate judge. *Second,* the decision of the commissioners and the deed of the probate judge are conclusive and binding, as to the distribution of the unoccupied lots among the actual occupants of the town site or for their general good, unless attacked for fraud or by some direct proceedings within a reasonable time. *Third,* that a corporation, such as the Palmetto Town Company, may be, through its members acting for it only, and not in their individual right, the sole and exclusive occupant of a town site, and under such circumstances the probate judge should convey the site to the company.

As the principal question in this case is, whether or not the deed from the probate judge conveyed any title to the grantees therein named, the understanding and circumstances under which the deed was

made and accepted, and the action of the grantees thereunder, were proper subjects of inquiry, and any competent evidence tending to establish the defendants' claim in relation thereto was proper. If the grantees in the deed from the probate judge accepted the same only as officers and members of the Palmetto Town Company, and afterwards for a great number of years held out to the world and asserted that said company was the exclusive owner of said property, and caused the people on said town site to believe and act upon the belief that such was the fact, they are now estopped from claiming title in themselves thereunder.

The instructions of the court presented to the jury these issues plainly and fairly, and the jury found for the defendants. We think the instructions of the court were correct upon the main issue in the case, and that no reversible error appears therein.

The judgment of the court below will be affirmed.

McElroy, J., concurring.


MAHAN, P. J. (dissenting). I cannot agree with my brethren in their judgment in this case. The plaintiff showed by proper conveyances a title founded upon a patent from the Government of the United States to J. E. Clardy, probate judge of Marshall County, "in trust for the several use and benefit of the occupants of the town site of Palmetto according to their respective interests" under the act of Congress of May 23, 1844.

Clardy, in the execution of this trust, by deed duly executed and delivered, conveyed the lands in controversy to F. J. Marshall, and others, members of the Palmetto Town Company. These grantees held the land as tenants in common. By separate conveyances

416    Marysville Investment Co. v. Holle.

N. Dept.        Dissenting Opinion.    Mahan, P. J.    5 Kan. App.

from a number of these grantees and their heirs, the plaintiff acquired, and upon the trial proved, a title by deeds to forty-two sixtieths of the lands conveyed by the probate judge. It was conceded on the trial, and the court so charged the jury, that the defendants were occupants without title of any kind save mere possession. The defendants and those under whom they claimed possession had been occupants of one lot, numbered seven, about ten years ago. The defendants in no manner connected themselves at any time with the patent title, nor do they pretend that they were occupants of the town site so as to have any rights or equities that could have been violated by the deed of the probate judge to Marshall and others. The patent is dated April 17, 1862. The deed by Clardy to the grantees described as members of the Palmetto Town Company, is dated October 28, 1858.

This deed has been twice considered by the Supreme Court of this State. *Sherry v. Sampson*, 11 Kan. 611; *Investment Co. v. Munson*, 44 id. 491.

To avoid the force of these conveyances, the defendants contended:

*First.* That the Clardy deed was not intended to be what it is on its face and what it has been declared to be by the Supreme Court — a deed to the individuals therein named and designated — but was a deed intended to convey the land to the corporation called the Palmetto Town Company, and that the corporation was in fact the rightful owner of the land, and therefore the individuals named in the deed were not the owners and that the deed is void therefor. *Second.* That the grantees named in the deed, from 1859 to 1861, that is to the beginning of the War of the Rebellion, treated it as a deed to the corporation and not to them as individuals. At the last named date, all

save two of them left the State of Kansas, going to different states and territories.    They did not thereafter·pay any taxes on the land or openly assert ownership therein.    By reason of these facts the opinion generally prevailed in the community that there was no way to obtain title thereto save by tax deed or prescription.    Therefore defendants claim that they, the said grantees and plaintiffs claiming under them, are in law estopped from asserting their title under said Clardy deed against the defendants or against such persons as had, acting upon the public opinion they induced, attempted to acquire title to the land, by tax deed or adverse possession.

The defendants nowhere pretend that they were induced to act upon the belief that the corporation was the owner, by reason of the conduct of the grantees in the Clardy deed, or otherwise than by the gossip to that effect, and that the legal existence of the corporation had expired, so that it could not convey.    Hence they concluded they must resort to obtaining tax deeds or prescriptive titles, or obey the scriptural injunction and cease to covet the land.    It strikes me as a startling as well as a novel application of the doctrine of estoppel by conduct.

Upon these facts the court instructed the jury as follows :

"4. If, for more than twenty-five years, the plaintiff's grantors represented the Palmetto Town Company as the owner of the property in controversy, or for that length of time permitted the Palmetto Town Company to appear as such, or as having complete authority over it, and afterwards made claim of ownership and made deed attempting to convey their interest to the plaintiff, the plaintiff will now be estopped to deny such ownership or authority of the Palmetto Town Company against persons who, relying

on such representations or *silence,* have purchased or acquired interests in the property."

This instruction is not applicable to the facts as shown by the defendants themselves and could only serve to mislead the jury.

According to the evidence offered by defendants the Palmetto Town Company was incorporated by the Legislature of the Territory of Kansas, February 5, 1857 (Laws 1857, p. 353). It ceased to have legal existence February 5, 1867. There was a futile effort to resuscitate the corporation in 1887. In 1859 Albert Morrall, as president of the company and as agent of the Clardy grantees, made two deeds of part of the lots of the town site. The records of the company from May, 1859, to July 2, 1861, offered in evidence by the defendants, disclose confusion in the minds of the grantees of Clardy as to where the legal title rested. This is as much as can be said of those proceedings of the members of the corporation. At the latter date the record closed, and began again January 24, 1887, long after the defendants had acquired possession of the premises in controversy.

During the interim from July, 1861, to January, 1887, the corporators were scattered; at the latter date eleven of the thirteen were present in person or by attorney. The members of the company and their attorneys in fact, had a number of meetings from January 24, 1887, to June 14, 1888, when they authorized a sale to the plaintiff of all their interest in the town site, and made provision for quitclaim deeds from the various members or their heirs. There was the same confusion apparent as to the rights of the corporation and the individual members that characterized their earlier meetings and proceedings.

MARYSVILLE INVESTMENT CO. v. HOLLE.    419

March 22, 1897.    Dissenting Opinion.   Mahan, P. J.    C. Div.

No other evidence is contained in the record, of acts comprising an estoppel by conduct.

The court instructed the jury further as follows :

"5.  If the plaintiff's grantors, for more than twenty-five years owners of the property in suit, neglected to pay taxes on the property, and made no claim to it, and suffered the corporation called the Palmetto Town Company to be held out to the world as the owner, and after said corporation had become defunct so that it could not make deeds for real estate suffered the belief to prevail in the community that a tax title was the only obtainable title to the property, and, without objection and without making known their claim to the property, suffered the defendant and his predecessors in interest to take possession of the property under tax deeds and make valuable and lasting improvements greatly enhancing the value thereof, under the honest belief on the part of the defendant and his grantors that their tax titles were all the title that was obtainable, and in ignorance of any claim on the part of the grantors of the plaintiff, the plaintiff's grantors would now be estopped from asserting title to the property, and the plaintiff, their grantee, would be in no better position, but would also be estopped. If you find from the evidence that the plaintiff is so estopped, you will return a verdict for the defendants."

The analysis of this is, that a party who does not pay his taxes must be careful that the purchaser at the tax sale — an adversary proceeding — is correctly informed as to who is the true owner, because if he should not look up the records but rely upon public rumor, and the tax proceedings should prove a failure in conferring title and forfeiting the original owner's estate, the original owner will suffer a forfeiture by estoppel.

I am compelled to hold that the case on the facts lacks the essential elements of estoppel, and that the law given by the court is not the law of estoppel by conduct.

420    MARYSVILLE INVESTMENT CO. v. HOLLE.

N. Dept.        Dissenting Opinion.    Mahan, P. J.    5 Kan. App.

As to the proposition that the defendants, in no manner connected with the plaintiff's claim of title, having no interest that could have been prejudiced by the deed when made and not having acquired any such interest, can impeach the deed for fraud or mistake, I am utterly unable to agree thereto.

The Supreme Court in *Sherry v. Sampson* (11 Kan. 611), says: "And a person who has no interest in the land will not be allowed to raise any question as to whether the probate judge has made the deed to the proper person or not."

This is the universally recognized rule, as I read the cases and the text writers; it is the reasonable rule, the ethical rule, the logical rule. Story's Equity Jurisprudence, § 165; *Smelting Company v. Kemp*, 104 U. S. 636; *Houck v. Kelsey*, 17 Kan. 333; *Carithers v. Weaver*, 7 id. 110; *Green v. Barker et al.*, 47 Neb. 934, 66 N. W. Rep. 1032.

The court instructed the jury on this branch as follows:

"6. The act of Congress under which the probate judge of Marshall County entered the town site, made the probate judge a trustee for the occupants of the town site, according to their respective interests. Under this law the occupants of the town site at the time it was entered, were entitled to a deed or deeds from the probate judge for their respective interests. In making such deed the probate judge was to be governed by such rules and regulations as should be prescribed by the legislative authority of the state or territory in which said town site was situated, so far as such rules and regulations did not conflict with said act of Congress. The Territorial Legislature of Kansas passed in 1858 an act which provided in substance, that, where the persons who selected or laid out a town site have been incorporated as a town company, with power to purchase and hold the land on which such town site is situated, it should be the duty

of the probate judge to convey the land thus entered to such incorporated company. Under the provisions of these two acts, if it is shown by the evidence that the persons who selected and laid out this town site of Palmetto were incorporated as the Palmetto Town Company, with power to purchase and hold the land on which said town site was situated, and if the Palmetto Town Company so incorporated, was the sole occupant of said town site, then it was the duty of said probate judge to deed said town site to said company; and any deed made by him to any other person or persons would be void and would convey no title to the individuals named therein, and this would be true although some or all of the individuals named in said deed were actually occupying some part of said town site, if their occupancy was merely as members of the Palmetto Town Company, and for the purpose of enabling said company to make good its occupancy of said town site, and to acquire title thereto under the laws already referred to.''

The record discloses that the grantees named in the deed of the probate judge were the members, all the members, of the corporation called the Palmetto Town Company; that two of them had residences on the land, occupied by them and their families. They were the sole beneficiaries of any deed that could have been made by the probate judge lawfully. The corporation with the deed to it, would have occupied the same relation of trustee to the actual occupants. Why was the deed void under these circumstances? As to whom was it void? The world at large — every intruder like the defendants who sought to obtain an adverse title by tax deed and adverse possession? The deed under the facts disclosed by the record was not void. Had it been made in violation of any occupant's vested right at the time it was made, it could have been avoided to the extent of such interest, or the title so conveyed held to be in trust for the benefit

of such occupant to the extent of his interest and no more.

The instruction is erroneous, misleading and prejudicial, and a verdict obtained upon such assertion of law ought not to stand.

Our Supreme Court, in *Riggs v. Anderson* (47 Kan. 66), reversed the judgment of the District Court of Butler County for holding as the District Court of Marshall County held in this case. It says :

" In an action for the recovery of real estate, where the plaintiff claimed title under a certificate issued by a town-site company, duly assigned, showing that the holder was entitled to a good and sufficient warranty deed, as soon as such company should receive the title to the town site, and such town-site company obtained the title through the probate judge, but never made a deed to the assignee of such certificate, and the corporation expired by limitation, and the defendant claimed under tax deeds, which were void ; and the fact was that he had been in possession of the premises and had made lasting and valuable improvements thereon, more than one year before suit was brought : *Held*, that the plaintiff's title was paramount to that of the defendant, and that he was entitled to recover as the equitable owner of such real estate."

In this case the equitable right and the legal title were in the plaintiff to the extent of forty-two sixtieths of the lands and it should recover that amount; and there exists no reason for holding that its legal title should be impeached for fraud or mistake, nor did it do anything that in law or common honesty should estop it from asserting its right.