Statement of the case.

LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* WILLIAM F. McDONALD.

##### ON MOTION TO STRIKE OUT BILL OF EXCEPTIONS.

1. BILL OF EXCEPTIONS.   *Extension of time.*   *Laws* 1896, *p.* 91.

   Under the act of 1896 (Laws 1896, p. 91), regulating the preparation and authentication of stenographers' notes and bills of exceptions, the judge in vacation, before the expiration of the sixty days allowed by law therefor, can extend thirty days additional time within which a bill of exceptions may be prepared and authenticated. Code 1892, § 4241.

2. SAME.   *Court.*   *Judge in vacation.*

   While a judge in vacation is not the court, yet the term "court," used in a statute, will be interpreted to mean a judge in vacation where necessary to effect the intention of the legislature.

##### ON THE MERITS.

3. DRAWBRIDGE.   *Loss of schooner.*   *Question of fact.*   *Supreme court practice.*

   In an action against the owner for a failure to open his drawbridge whereby a schooner was lost, a judgment for the plaintiff will not be reversed, when the record shows conflicting evidence on the material questions of fact and no error of law prejudicial to defendant.

McDonald, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. The plaintiff recovered judgment in the court below against defendant for the loss of his schooner and cargo, caused by the failure of defendant to open its drawbridge after timely notice and signals given. The defendant's motion for a new trial having been overruled, it was allowed sixty days within which to prepare and have authenticated a bill of exceptions. Just before the expiration of the sixty days the circuit judge, in vacation, upon *ex parte* application and cause shown, made an order extending the time thirty days. The bill of exceptions was prepared,

signed by the judge, and filed within ninety days, but after the expiration of sixty days from the adjournment of the court. After its preparation, and before it was signed by the judge, it was presented to appellee's attorneys, but they declined to consider it or read it, upon the ground that the sixty days allowed by order on the minutes of the court for its preparation had elapsed. When the case reached the supreme court appellee moved the court to strike the bill of exceptions from the record.

*Harper & Potter,* for the motion.

The statute on bills of exceptions provides that such bills "may be mailed or expressed to the trial judge at any time within sixty days after the end of the term of the court at which the case was tried, which may be extended by order of the court to ninety days instead of sixty days." There is no pretense that any order of court was taken to extend the time, but the record clearly shows that Judge Neville, in vacation, undertook to grant an extension, which extension was manifestly without authority of law. 4 Ency. Plead. & Pract., 350, and authorities cited. A judge in vacation is not "the court."

*Gregory L. Smith,* contra.

The statute provides that bills of exception may be filed within sixty days after the end of the term of the court at which the case was tried; which time may be extended by order of the court to ninety days instead of sixty. Strictly speaking, the time cannot be extended before it has commenced to run, nor could the court make any order after the time prescribed has commenced to run, for such time does not begin to run until the term of court has expired. The court might allow ninety days instead of sixty, or the judge might extend the period from sixty to ninety days; to confine the power to the court and deny it to the judge is adhering to the letter of the statute in one particular and disregarding its spirit and apparent purpose, and it is submitted that this is not permissible.

Argued orally by *W. R. Harper,* for the motion.

WHITFIELD, C. J., delivered the opinion of the court on the motion.

The word "court" is often used interchangeably with the word "judge." See 8 Am. & Eng. Enc. Law (2d ed.), pp. 22, 23, and notes; *Brewster* v. *Ludekins,* 19 Cal., 170. On page 23 it is said in the notes: "A judge in vacation is not the court, but the term 'court' may be interpreted to mean a judge in vacation, where it is necessary to effect the intention of the legislature. Thus, in *City of Columbus* v. *Hydraulic Woolen Mills Co.,* 33 Ind., 436, it was held that the term 'court' included a judge in vacation, when power to grant restraining orders without notice, in cases of emergency, was granted to the court." This case falls within this principle. Unless the statute meant that the extension to ninety days was always to be made at the very time the order for sixty days was made, it is clear no extension could be had, however great the necessity in vacation. The meaning of this statute evidently was that when, after sixty days have been once granted, it should appear that an extension was necessary, the extension should then be made by the court or the judge in vacation. So, also, of course, that an extension beyond the sixty to ninety days might, in cases of exceptionally voluminous records, be made at first. Ordinarily, sixty days would be enough. Sometimes, in such cases even, emergencies might arise preventing filing of stenographer's notes within the time, and the judge in vacation might make the order extending to ninety days. We think a sufficient showing is made here. But aside from this, power is given the Judge to extend the time in which the stenographer shall make out and file a copy of his stenographic notes in any case by code 1892, § 4241.                                    *Motion dismissed.*

ON THE MERITS.

The facts of the case on the merits are stated in the opinion of the court.

*Gregory L. Smith,* for appellant.

Construed most strongly against the appellants, all that can be deduced from the evidence is that appellee's employees blew upon a conch shell that could be heard in ordinary weather for a mile and a half, but that a heavy storm was raging and those who were upon the bridge did not hear it.   It is submitted that the failure to hear a conch shell under such circumstances does not even tend to show negligence, and that the peremptory charge asked by appellants should have been given.

*Harper & Harper* and *Harper & Potter,* for appellee.

The only questions presented are questions of fact, which have been resolved by the jury in appellee's favor.   The testimony sustains the verdict.

Argued orally by *W. R. Harper,* for appellant.

TERRAL, J., delivered the opinion of the court upon the merits.

The schooner J. J. Clark, with her cargo, was wholly lost in consequence of the defendant's negligence, as was alleged, in a storm, on September 7, 1900.   She was on her voyage from New Orleans to the Mississippi coast towns, and in passing through the Rigolets into Lake Borgne she encountered a severe storm, which prevented her from proceeding on her voyage. From the morning to the afternoon of September 7th she lay one and one-half miles east of the drawbridge of the Louisville & Nashville Railroad Company at the Rigolets, and, fearing the worst, between 4 and 5 o'clock P.M. she lifted anchor, set her jib sail, and made immediately for the drawbridge, which was in the direct path of the wind from her anchorage.   She purposed to take shelter in Pearl River.  Her captain and two or three other persons on board testified that the guard or tender at the drawbridge was continuously signaled to open the draw from the time of raising her anchor until she came within one hundred yards of the bridge, where, in consequence of the omis-

sion of defendant's servants to open the draw, she was compelled
to cast anchor; from which anchorage she was afterwards unable
to pass through the draw, and was subsequently stranded, and,
with her cargo, was lost.   An equal or greater number of wit-
nesses on the part of defendant testified that they heard no such
signals.   The signal given by the schooner was the blowing of
a conch shell, which had been often used at this bridge, and
which could be heard from one and one-half to five miles, ac-
cording to the state of the atmosphere.   The only contention
pressed by the railroad company is that it should have had a
peremptory instruction directing a verdict in its behalf.   The
damages ($1,300) found by the jury are admitted to be so rea-
sonable that no complaint is made on that score.   The defendant,
admitting the signal to open the draw to have been given, in-
sists that the court here should take knowledge that the sound
of the conch shell would be unheard or undistinguished in the
fearful storm then raging.   That, however, was a question plain-
ly submitted to the jury, and one falling within their province
to determine.   The court, at the instance of the defendant, clear-
ly placed before the jury for its decision (and whose province
it was to determine such questions) whether the signal to open
the draw was duly given by the schooner, and whether, by rea-
son of the tempest or other cause, the same was unheard.   The
verdict has settled the issue as to negligence against appellant,
and we find no ground in the record to disturb it.

*Affirmed.*