No. 25,069

THE STATE OF KANSAS, ex rel. JUSTICE N. BAIRD, as County Attorney of Wyandotte County, *Plaintiff,* v. BERNADOTTE ANDERSON, *Defendant.*

SYLLABUS BY THE COURT.

JURISDICTION—*Probate Judge Pro Tem Has Authority to Solemnize Marriages.* The probate judge *pro tem.,* in the absence, disqualification or inability of the probate judge to act, is a substitute judge for the probate judge, for the time being, temporarily, provisionally and as such officer, and under such circumstances, has the authority to solemnize marriages.

Original proceeding in quo warranto. Opinion filed July 26, 1923. Judgment for defendant.

*Charles B. Griffith,* attorney-general, and *Dennis Madden,* assistant attorney-general, for the defendant.

*Justus N. Baird,* county attorney, and *Judson S. West,* of Kansas City, of counsel for the plaintiff.

The opinion of the court was delivered by

HOPKINS, J.: This is an original action in quo warranto to oust the defendant, who is probate judge *pro tem.* of Wyandotte county, from solemnizing marriages. The plaintiff states that the defendant has solemnized hundreds of marriages and denies his authority so to do.

It is proper to first give consideration to the power and duties of the probate court and the judge thereof.

Section 1, of article III of the constitution reads as follows:

"The judicial power of this state shall be vested in a supreme court, district courts, probate courts, justices of the peace, and such other courts, inferior to the supreme court, as may be provided by law; and all courts of record shall have a seal, to be used in the authentication of all process."

Section 8, of article III is as follows:

"There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, minors, and persons of unsound minds, as may be prescribed by law and shall have jurisdiction in cases of habeas corpus. The court shall consist of one judge, who shall be elected by the qualified voters of the county, and hold his office two years. He shall hold court at such times and receive for compensation such fees or salary as may be prescribed by law. The legislature may provide for the appointment or selection of a probate judge *pro tem.* when the probate judge is unavoidably absent or otherwise unable or disqualified to sit in any case."

Section 3055 of the General Statutes of 1915 reads as follows:

"The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction: First, to take the proof of last wills and testaments, and admit them to probate, and to admit to record authenticated copies of last wills and testaments executed, proved and admitted to probate in the courts of any other state, territory or country; second, to grant and revoke letters testamentary and of administration; third, to direct and control the official acts of executors and administrators, settle their accounts and order the distribution of estates; fourth, to appoint and remove guardians for minors, persons of unsound mind, and habitual drunkards, and make all necessary orders relating to their estates, to direct and control their official acts, and to settle their accounts; fifth, to bind apprentices, and exercise such control and make such orders respecting them and their masters as the law prescribes; sixth, to hear and determine cases of habeas corpus; seventh, to have and exercise the jurisdiction and authority provided by law respecting executors and administrators, and the settlement of the estates of deceased persons."

Section 2724 of the General Statutes of 1915 provides for the election of a probate judge for a term of two years, and requires him to execute bond for the faithful performance of his duties; section 2725, that he shall be his own clerk, shall keep a record of all business done which record shall be open to the inspection of all persons without charge; section 3056, that each probate court shall have a seal with which all process shall be authenticated; section 3057, that each probate court shall hold regular terms; section 3058, that the probate judge may, in vacation, perform all acts that are authorized to be performed in term time except the making of annual or final settlements of executors, etc.; section 3059, that all writs, orders and other process of the probate court shall be issued and directed to the sheriff of the proper county where such process is to be served, etc.; section 3060, that the several probate courts shall be formally opened at the commencement of each regular term; section 3061, that the probate court shall have jurisdiction over trusts created by deeds of trust, declaration of trusts, wills, etc.; section 3065 as amended by chapter 154, of the Laws of 1917, that the probate judge shall be the judge of the juvenile court; section 4485, *et seq.*, that, upon the decease of any inhabitant of this state, letters of administration shall be granted by the probate court.

In addition to the foregoing, the law provides that any parent may, with the approval of the probate judge, relinquish all right to his or her minor child or children to any person desiring to adopt such child or children; that the application for adoption shall be

made to the probate court, whereupon that court shall investigate and may permit or refuse to permit such adoption; (Gen. Stat. 1915, §§ 6361, 6362) that the probate court has supervision and control over neglected and dependent children; (Gen. Stat. 1915, § 6373 *et seq.*) that the probate court may commit boys, under certain circumstances, to the state reform school and girls to the state industrial school for girls; (Gen. Stat. 1915, § 10082 *et seq.* and § 10109 *et seq.* as amended by chapter 303 of the Laws of 1917) that the probate court may supervise and approve the binding of children in apprenticeship. (Gen. Stat. 1915, § 384 *et seq.*)   Section 4721 requires the probate judge to keep a fee book in which shall be recorded an accurate account of all fees charged and collected by him and that quarterly statements shall be made to the county commissioners.   He is required, on order of the board of county commissioners, to examine and count the funds in the hands of the county treasurer and make such other examination of his books as may be proper.   (Gen. Stat. 1915, § 2780.)   The probate judge has jurisdiction in proceedings in aid of execution.   (Gen. Stat. 1915, § 7426 *et seq.*)   He has supervision, and is required in certain cases,. to enter (of record) townsites and convey the property therein to the occupants and inhabitants according to their respective interests. (Gen. Stat. 1915, § 11506 *et seq.*)   He is required to certify to the several township trustees a written list of every administrator, executor, executrix and guardian legally in charge and control of any estate in the probate court.   (Gen. Stat. 1915, § 11167.)   Under certain circumstances he has control of private burying grounds. (Gen. Stat. 1915, § 2268.)   In certain cities application for enlarging cemeteries shall be filed with the probate judge and proceedings had under his supervision.   (Gen. Stat. 1915, § 2278.)   Under certain circumstances the probate judge shall be the judge of the county court.   (Laws 1923, ch. 131.)

The numerous and varied responsibilities devolving upon the probate court or the judge thereof require a person of ability and integrity for the administration of that office.

The probate judge has more duties to perform under the marriage laws of this state than any other official.   The marriage act provides that marriage shall be considered in law as a civil contract.   It provides that the probate judge shall issue marriage licenses; prescribes a penalty against any person who shall join others in marriage before a license has been issued by the probate judge;

provides for forms of marriage licenses to be furnished to the probate judge; that the probate judge shall collect a registration fee from the applicant for a license; that every person who shall perform a marriage ceremony shall return the license to the probate judge with required indorsements thereon; that the probate judge shall enter it on the marriage record, transmit it to the state registrar and remit a registration fee; that the state registrar shall index all records and keep an account of all fees received from probate judges; that any probate judge or other person authorized by law to perform the marriage ceremony who shall fail to comply with any of the provisions of the act shall be guilty of a misdemeanor; that the probate judge shall keep a correct copy of all marriage licenses issued by him in a book provided for that purpose; that if any probate judge shall refuse or neglect to issue any marriage license to any person legally entitled thereto or neglect to record a copy of such license he shall be deemed guilty of a misdemeanor; that before granting a marriage license the probate judge shall require the applicant to take and subscribe to an oath as to certain facts in connection with such license; that the probate judge may, in his discretion, examine witnesses concerning such matters; that the books of record of marriage licenses kept by probate judges and copies of entries therein, certified by the probate judge under his official seal, shall be evidence in all courts; that every judge, justice of the peace or licensed preacher of the gospel may perform the marriage ceremony.

It is the contention of the plaintiff that the probate judge *pro tem.* is a deputy only. He argues as follows: "The full charter and limits of the power of such officer is found in section 3064, a judge *pro tem.* . . . shall have the same power and authority as the regular probate judge in all proceedings had before him in said court. It is perfectly manifest that beyond the charter of his authority thus expressed the deputy has no function or power whatever and any exercise thereof beyond such limits is, and in necessity must be a usurpation of the power which he does not lawfully possess."

We do not assent to the plaintiff's contention. Where different statutes deal in some form with the same subject matter they should be considered and construed together.

Section 8 of article III of the constitution provides that the legislature may provide for the appointment or selection of a probate

judge *pro tem.* when the probate judge is unavoidably absent or otherwise unable or disqualified to sit in any case.

Section 3062 of the General Statutes of 1915 provides that, when the probate judge shall become sick or otherwise prevented from attending to the duties of his office or shall be unavoidably absent from the city or. county, he may designate some competent person, who shall be an elector of the county, to serve as *pro tem.* judge.

Section 3063 provides that the probate judge *pro tem.* shall take and subscribe to the same oath as required of the regular probate judge.

Section 3064 provides that the judge *pro tem.* of the probate court shall have the same authority and power as the regular probate judge in all proceedings had before him in said court.

The provisions of the constitution and statutes to which reference has been made must be considered and construed together. A reasonable construction must be adopted which is consistent with the intention of those who framed the constitutional provisions and the acts of the legislature. The language of the legislature must be liberally construed in order to make effective the legislative intent rather than to defeat it. The legislature has the power, under the constitution, of casting upon the person who holds the office of probate judge various other duties. The varied, arduous and responsible duties require that in the absence or inability of the probate judge to serve, a like person should have charge of and perform them. These matters were all considered by the framers of the constitutional provision authorizing the appointment of probate judges *pro tem.* and by the legislature in enacting a statute authorizing the probate judge *pro tem.* to act in all proceedings when the probate judge is absent or is otherwise disqualified.

In the early case of *In re Johnson,* 12 Kan. 102,·this court considered the power of the probate court to hear and determine proceedings for the purchase of school lands. Jurisdiction of the probate court had been questioned on the ground that the statutory provisions relating to school land proceedings were unconstitutional and void. In denying that·contention this court said:

"There is no prohibition in the constitution or elsewhere against the exercise of such jurisdiction by the probate courts. There is no inconsistency between the exercise of this jurisdiction and the performance of any other duty that may rightfully be conferred upon probate courts. And the probate courts or judges thereof may exercise this jurisdiction as consistently with the

performance of their other duties as they may take the acknowledgment of deeds, or solemnize marriages. . . . This is not the first jurisdiction or power which has been conferred upon probate courts or probate judges, aside from the ordinary powers or jurisdiction authorized by the constitution. They may take the acknowledgment of deeds. (Comp. Laws, 355, § 14; Gen. Stat. 186, § 9.) They may issue marriage licenses. (Gen. Stat. 560, § 4 *et seq.*) They may solemnize marriages. . . . The legislature undoubtedly intended to confer said jurisdiction upon the persons who exercise the jurisdiction of the probate courts, and not upon the courts themselves *as* probate courts." (p. p. 103, 105.)

It was undoubtedly the legislative intent that the probate judge *pro tem.* should attend to these various duties in the absence or inability of the probate judge to act. The probate judge *pro tem.* is the probate judge "for the time being; temporarily; provisionally," (32 Cyc. 738) during the absence or disqualification of the probate judge. He is a substitute judge and ordinarily during his incumbency in the absence, disqualification, or inability of the probate judge to act, has all the powers of the regular probate judge. (23 Cyc. 613.)

In *Sartin v. Snell,* 87 Kan. 485, 491, 125 Pac. 47, it was said:

"The legislature often uses the words 'court' and 'judge of the court,' 'district court' and 'judge of the district court' without discrimination. Whenever the power or duty imposed is found from a consideration of the object and purposes of the act to be one which is more properly the function of the court, it will be so construed, and whenever it is manifest that the legislature meant the judge and not the court, that meaning will be applied to the words in order to carry out the legislative intent. 'Court' will always be interpreted to mean 'judge' when necessary to carry into effect the intention of the legislature. (*Railroad Co. v. McDonald,* 79 Miss. 641, 31 South, 417; *Porter v. Flick,* 60 Neb. 773, 84 N. W. 262; *Von Schmidt v. Widber,* 99 Cal. 511, 34 Pac. 109; *Michigan Central Railroad Company v. Northern Indiana Railroad Company,* 3 Ind. 239; *Rogers v. Beauchamp et al.,* 102 Ind. 33, 1 N. E. 185; *Lee County v. Nelson,* [Iowa] 4 G. Greene, 348 [where it was said they are convertible terms]; 11 Cyc. 655, 656; 2 Words and Phrases, p. 1678.)"

A probate judge may receive judicial powers other than those granted by the constitution to the probate court. (*In re Johnson,* supra; *Young v. Ledrick,* 14 Kan. 92.)

The legislature may create new offices, or new tribunals; or may confer new duties—judicial, quasi-judicial, or ministerial—upon officers already in existence. (*The State, ex rel., v. Majors,* 16 Kan. 440, 443; *Intoxicating Liquor Cases,* 25 Kan. 751.)

In *Denton v. Miller,* 110 Kan. 292, 293, 203 Pac. 693, it was said:

"While probate courts are sometimes spoken of as courts of limited juris-
diction, they have jurisdiction over certain peculiar, exclusive subjects, and
their jurisdiction is limited only in the sense that it is confined to the par-
ticular subject matter, but within their province they are courts of general
jurisdiction. (*Parnell v. Thompson*, 81 Kan. 119, 132, 105 Pac. 502.)"

Other than judicial powers may be conferred upon the person
holding the office of probate judge. (*Shreves v. Gibson*, 76 Kan.
709, 716, 92 Pac. 584.)

If it had been the intention of the legislature for probate judges
*pro tem.* to perform all duties of the probate judge in his absence or
disqualification except to solemnize marriages, the exception would
have been stated in the statute. "The duties to be discharged are
cast upon the person at the time holding the office of probate judge
and not upon him as probate judge or upon the probate court."
(*The State v. Durien*, 70 Kan. 13, 41, 80 Pac. 987.) It follows that
if the probate judge *pro tem.* is performing the other duties of the
probate judge, because of his absence or disqualification, he may
also perform the marriage ceremony.

The matrimonial status of a man and woman living together as
husband and wife is not annulled by their failure to comply with
the terms of a statute declaring it to be their duty to appear before
an officer and formally solemnize their marriage. They may be
liable for the penalties for neglect to follow the requirements of
the statute, but their relations are not nullified thereby. (*Renfrow
v. Renfrow*, 60 Kan. 277, 56 Pac. 534.)

Because marriage is a common right, it is the policy of states to
encourage it. One purpose of statutes concerning the solemni-
zation of marriages is to compel publicity. In most states it is
common to give authority to justices of the peace and other judicial
officers as well as to ordained ministers of the gospel, to solemnize
marriages. Those who prefer not to have a minister may still com-
ply with the laws' requirements by having a public officer perform
the ceremony. Those desiring the solemnization of their marriage
by the probate judge should not be deprived thereof because of his
personal absence or disqualification when the *pro tem.* judge—the
probate judge for the time being—is there and ready, able and
willing to perform the ceremony.

Judgment for the defendant.