# Commonwealth ex rel. Bethlehem School District *v.* Tice, Appellant.

*Constitutional law—Title of act—Act of June 29, 1923, P. L. 949—Amendment of School Code.*

1. The Act of June 29, 1923, P. L. 949, amending and repealing certain sections of the School Code is not defective in title, and is constitutional.

*Public officers—Legislative officers—City controller—Imposition of additional duties.*

2. A city controller is a legislative and not a constitutional officer.

3. The incumbent of a legislative office has no vested rights therein.

4. The legislature may at its discretion add to the duties of a legislative office, which the incumbent must perform, regardless of compensation.

5. A statute cannot be declared void because unjust.

*City of third class—Public officers—City controller—Audit of school district accounts—Additional duties—Extra compensation—Constitution, article III, section 13—Act of June 29, 1923, P. L. 949.*

6. A city controller of a city of the third class, which is a school district of the second class, is bound under the Act of June 29, 1923, P. L. 949, to audit the accounts of the school district without extra compensation.

7. Not decided whether a city controller is a public officer within the meaning of section 13, article III, of the Constitution.

8. Not decided whether, under the Act of June 29, 1923, P. L. 949, one elected city controller prior to the passage of the act is entitled to the extra compensation therein furnished.

Argued February 2, 1925.   Appeal, No. 65, Jan. T., 1925, by defendant, from judgment of C. P. Northampton Co., April T., 1924, No. 24, awarding mandamus, in case of Commonwealth ex rel. School District of City of Bethlehem v. Victor E. Tice, Controller of the City of Bethlehem.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Petition for peremptory mandamus.  Before Mc-Keen, J.

The opinion of the Supreme Court states the facts.

Judgment for petitioner.  Respondent appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*George R. Booth,* for appellant.—The controller's duties cannot be increased: Com. ex rel. v. Moffitt, 238 Pa. 255; Dewey v. Luzerne County, 74 Pa. Superior Ct. 300; Com. ex rel. v. Moore, 266 Pa. 100; Tucker's App., 271 Pa. 462.

The Act of June 29, 1923, P. L. 949, violates the Constitution of Pennsylvania: Bunn v. Gorgas, 41 Pa. 441.

*Herbert J. Hartzog,* for appellee, cited: Com. ex rel. v. Tice, 272 Pa. 447; Com. ex rel. v. Phila., 176 Pa. 588; Pittsburgh's Petition, 217 Pa. 227; Likin's Petition, 223 Pa. 456.

Opinion by Mr. Justice Walling, March 16, 1925:

Bethlehem, a third-class city, is a school district of the second class, and this appeal by Victor E. Tice, city controller, is from judgment awarding a writ of peremptory mandamus to compel him to audit the accounts of the school district for the year ending the first Monday of July, 1923, which he refused to do.  Admittedly the Act of June 29, 1923, P. L. 949, amending and repealing certain sections of the School Code, imposes such duty upon the controller, but he challenges the constitutionality of the act.  There is no merit in the suggestion that its title is defective, for it mentions the sections of the School Code to be amended, also that to be repealed, then recites the title of the School Code, and to clarify the intent adds, "by providing for the audit of accounts of second- and third-class school districts by the city, borough or township controller or auditor; and fixing their compensation."  In Minsinger v. Rau, 236 Pa. 327, we sustained the constitutionality of the School Code of

1911, which, as originally enacted, provided (see sections 2601, 2603, 2619, 2620) that the common pleas court should annually in May appoint auditors for second- and third-class school districts: Purdon's Digest (13th ed.) vol. 5, pp. 5626, 5628. The Act of 1923, however, repeals the section of the School Code (sec. 2019) providing for the appointment of auditors by the courts and directs that the accounts in such school districts shall be audited by the proper city, borough, or township controller, or auditors therein, who shall begin their duties on the first Monday of July each year (the beginning of the fiscal school year). This act took effect on the date of its approval (June 29, 1923), and, in the instant case, nullified the appointment of auditors made by the court the preceding May and imposed upon the defendant the duty of auditing the school district's accounts for that year.

A city controller is a legislative and not a constitutional officer; hence, the legislature may at its discretion add to the duties of the office, which the incumbent must perform, regardless of compensation; the office being held cum onere, the only course open to the official is performance or resignation. "Except in so far as created or protected from interference by the Constitution, public offices confer upon their holders no vested rights of which they cannot be deprived by the legislature. The legislature may deal with such offices absolutely as it pleases, and may even abolish them altogether, since they are not grants, contracts, or obligations which cannot be impaired by an act of the legislature. It necessarily follows that it may abridge, or extend, the terms, change the duties, and increase or reduce the compensation of persons already in office": 8 Cyc. 954; see also 12 Corpus Juris 1017. In the language of Mr. Justice STRONG, speaking for the court in Com. *v.* McCombs, 56 Pa. 436, 439: "Not having been mentioned by the Constitution, the legislature was left with unrestricted power to prescribe what the duties of

the office [district attorney] should be, what the length of its tenure, what its emoluments, and how it should be filled. Having the power to create, they have also the power to regulate and even destroy." To like effect is Cooley on Constitutional Limitations (7th ed.) p. 388. The incumbent of a legislative office has no vested rights therein and may be entirely deprived of the same by an abolition of the office: Com. v. Moir, 199 Pa. 534; Lloyd v. Smith et al., 176 Pa. 213; Com. ex rel. v. Weir, 165 Pa. 284. The State may impose additional duties on city officers (Knisely v. Cotterel, 196 Pa. 614, 633), and a statute cannot be declared void because unjust: Likins's Petition (No. 1), 223 Pa. 456. Furthermore, he who accepts an office impliedly contracts to perform the duties thereof: Com. v. Evans, 74 Pa. 124.

As such officer must perform the duties of his office, regardless of compensation, we are not now concerned with the question of whether a city controller is a public officer within the meaning of sec. 13 of art. III, of the state Constitution which provides: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." Moreover, the Act of 1923 neither decreases the compensation nor shortens the official term of the controller; as to whether one elected prior to the passage thereof is entitled to the extra compensation therein provided we express no opinion.

The judgment is affirmed at the costs of appellant.