(July 29, 1926.)

STATE OF IDAHO, on Relation of E. G. GALLET, State Auditor, Respondent, v. H. F. CLELAND, Treasurer of Kootenai County, Appellant.

[248 Pac. 831.]

MANDAMUS—CHANGE OF VENUE—AUTOMOBILES—MANNER OF PAYING LICENSE MONEY TO STATE.

   1.   Motion for change of venue in *mandamus* by state auditor, instituted in Ada county pursuant to C. S., sec. 141 (13), to force county treasurer to pay over moneys collected from licensing of motor vehicles, was properly denied.

   2.   County is not necessary party to *mandamus* by state auditor to compel county treasurer to pay over moneys received from licensing motor vehicles under C. S., sec. 1582, as amended by Laws 1923, chap. 115.

   3.   C. S., sec. 3327, requiring order authorizing county treasurer to pay tax moneys to state treasurer, has no application to moneys collected from licensing motor vehicles under C. S., sec. 1582, as amended by Laws 1923, chap. 115, in view of sections 1582, 1593, and 3330.

   4.   Money in county treasury belonging to state, from licensing motor vehicles under C. S., sec. 1582, as amended by Laws 1923, chap. 115, may be paid to state without warrant required by Const., art. 7, sec. 14, in view of section 15.

5. Laws 1925, chap. 177, sec. 8, reducing state's portion of moneys from licensing of motor vehicles under C. S., sec. 1582, as amended by Laws 1923, chap. 115, became 'effective on date of approval, under Const., art. 3, sec. 22, and did not apply to moneys previously collected.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Clinton H. Hartson, Judge.

From a judgment granting a peremptory writ of mandate, defendant appeals. *Affirmed.*

Edward H. Berg, for Appellant.

Defendant has the money as treasurer of Kootenai county, and as such he cannot pay it except on order pursuant to art. 7, sec. 14, of the constitution and C. S., sec. 3327.

A statute must be so construed as to make it effect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions as well as to those in the future, then it will be so applied, although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty. (25 R. C. L., sec. 36, p. 789; *State v. Frear*, 148 Wis. 456, Ann. Cas. 1913A, 1147, 134 N. W. 673, 135 N. W. 164.)

Automobile license tax is an excise tax. (26 R. C. L., pp. 41, 261, 262; *In re Schuler*, 167 Cal. 282, Ann. Cas. 1915C, 706, 139 Pac. 685.)

A. H. Conner, for Respondent.

An act of the legislature will not be given ·retrospective effect unless it clearly appears that such was the intent. (*Cook v. Massey*, 38 Ida. 264, 35 A. L. R. 200, 220 Pac. 1088, and cases cited.)

The district court of Ada county is the proper venue for actions in the name of the state, on relation of the state auditor, for official delinquencies in relation to the "collection and payment of the revenue, and against persons who by any means have become possessed of public money or property

and fail to pay over or deliver the same, and against all debtors of the state, . . . . " (C. S., sec. 141, subd. 13; *State v. Jones*, 34 Ida. 83, 199 Pac. 645.)

There was and is an official delinquency on the part of the appellant because it is made his duty under the law to pay over the money in question to the state treasurer. (C. S., sec. 1582, as amended by chap. 115, Laws of 1923, and as later amended by chap. 177, Laws of 1925.)

C. S., sec. 3327, is a part of chap. 144, which relates solely to property taxes. It can have no application to motor vehicle license fees for that subject is not expressed in the title. (*State v. Purcell*, 39 Ida. 642, 228 Pac. 796.)

The words "county treasury" as used in art. 7, sec. 14, of the constitution, have no application to money held by the officer in trust, even though such money may be physically in the treasury. (*Farrell v. Board of Education*, 113 App. Div. 405, 98 N. Y. Supp. 1046; *Elberg v. San Luis Obispo County*, 112 Cal. 316, 41 Pac. 475, 44 Pac. 572; *Pacific Mut. Life Ins. Co. v. San Diego County*, 112 Cal. 314, 41 Pac. 423, 44 Pac. 571; *Loe v. State*, 82 Ohio, 73, 91 N. E. 982; *State v. McGraw*, 13 Wash. 311, 43 Pac. 176; *Whittemore v. The People*, 227 Ill. 543, 10 Ann. Cas. 44, 81 N. E. 427; *State v. Kurtz*, 110 Ohio, 332, 144 N. E. 120.)

The legislature has frequently authorized the county treasurer to pay out trust moneys in his custody without an order or warrant of a "duly authorized officer": Money found on a dead person. (C. S., sec. 3579.) Fines and penalties for violation of traffic laws. (C. S., sec. 1621.) Transfer taxes. (C. S., secs. 3371 and 3392.) Transfer tax refunds. (C. S., sec. 3382.) Bridge taxes. (C. S., sec. 3978.)

The fact that Kootenai county claims the money involved does not make it a proper or necessary party to this action. It is the duty of the appellant under the statute to pay the money to the state treasurer, and the action, therefore, was properly brought against him. (*State v. Milwaukee*, 145 Wis. 131, Ann. Cas. 1912A, 1212, 129 N. W. 1101.)

WM. E. LEE, J.—C. S., sec. 1582, as amended by Sess. Laws 1923, chap. 115, provided that twenty-five per cent of all moneys collected in any county from the licensing of motor vehicles and from dealers and manufacturers of motor vehicles and from fines and penalties collected therein under the provisions of the chapter, be paid to the state treasurer by the treasurer of such county not later than the end of each quarter of each fiscal year, and become a part of the state highway fund. The section was so amended by Sess. Laws 1925, chap. 177, sec. 8, as to reduce the state's portion of such moneys from twenty-five to ten per cent. The 1925 amendment was approved March 10, 1925, and contained an emergency clause.

Between January 1, 1925, and March 9, 1925, $23,147.50 was collected in Kootenai county from the licensing of motor vehicles, etc., which sum came into the hands of the treasurer of Kootenai county. The county treasurer remitted to the state treasurer ten per cent of such sum, and this proceeding was instituted to compel him to pay over to the state treasurer the balance (fifteen per cent) of the amount collected. The matter was determined on the issues framed resulting in the issuance of a peremptory writ of mandate commanding the county treasurer to pay to the state treasurer the sum of $3,472.13, the amount the court held remained unpaid, being fifteen per cent of the moneys collected. The defendant appeals.

[1] The cause was instituted and tried in Ada county in pursuance of C. S., sec. 141 (13), and appellant's motion for change of place of trial to Kootenai county, the county of his residence, was denied. The statute makes it the duty of the auditor to institute suits in the name of the state, " . . . . for all official delinquencies in relation to assessment, collection and payment of the revenue, and against persons who by any means have become possessed of public money or property and fail to pay over or deliver the same . . . . " in Ada county " . . . . without regard to the residence of the defendant." (*State v. Jones*, 34 Ida. 83, 199 Pac. 645.)

Whether the action of the county treasurer in failing to remit the state's proper share of the moneys due it constitutes an "official delinquency" is not determinative of this question; for it is alleged that the county treasurer had "become possessed of public money" belonging to the state and had failed "to pay it over. . . . . " There was no error in denying defendant's motion for change of venue.

[2] It is contended that Kootenai county is a necessary party defendant. This action is not against Kootenai county. It is an action by the state in its sovereign capacity, on the relation of the state auditor, to compel the performance by the county treasurer of Kootenai county of an alleged public duty. The money withheld by the county treasurer does not belong to Kootenai county; and the county is not a necessary party to the action. (*State v. Milwaukee,* 145 Wis. 131, Ann. Cas. 1912A, 1212, 129 N. W. 1101.)

[3] The county treasurer contends that the petition does not allege that an order was ever issued by the county auditor, in pursuance of C. S., sec. 3327, directing him to pay the state treasurer the moneys claimed by the state. This section of the statute has no application to the payment by the county treasurer to the state treasurer of such moneys as we are here concerned with. On the contrary it relates to the transmission of funds received by the county treasurer from the payment of property taxes. The legislature, in the exercise of its constitutional power, can require that the state's moneys, in the hands of a county treasurer, be paid on the order of a county auditor or without such order. In the case of moneys collected from licensing motor vehicles, the legislature has provided, by C. S., sec. 1593, that it be "paid over to the county treasurer in the same manner as taxes, and shall be, by the treasurer, distributed as provided in" C. S., sec. 1582, as amended. The legislature has not, however, provided that the state's share of such license moneys shall be paid to the state treasurer on the order of the county auditor, as it has done in respect to the payment of the state's share of money derived from real and per-

sonal property taxes. C. S., sec. 1582, as amended, provides that money collected from motor vehicle licenses .be paid to the state treasurer "not later than the end of each quarter." C. S., sec. 3327, requires that tax money be paid monthly, and C. S., sec. 3330, provides a penalty for a failure to make the required payments. Since C. S., sec. 3327, relates solely to tax money, and does not relate to the payment by the county treasurer of the state's share of motor vehicle license money; and since the legislature by C. S., sec. 1582, as amended, has directed that the county treasurer pay the state's share of the motor vehicle license money to the state treasurer without any requirement that it shall be paid on the order of the county auditor, it was not necessary to allege that the county auditor had not issued and delivered his order directing the payment of such funds to the state.

[4] It is alleged in the answer and return that the money in question is in the county treasury of Kootenai county and that no warrant has been drawn by any duly authorized officer, in the manner and form provided by law, for its payment. Const., art. 7, sec. 14, is relied on to support this defense to the petition for the writ. In many acts, this provision of the constitution has been construed by the legislature to relate to moneys in the county treasury belonging to the county, and as having no application to moneys belonging to the state. It was the law prior to and at the adoption of the constitution. Laws 1864, sec. 83, p. 428, and sec. 112, p. 500; Revised Statutes, secs. 1670, 1671, and 1840-6. An examination of the statutes has failed to disclose any legislative requirement that moneys in the possession of a county treasurer, or in a county treasury, belonging to the state be paid to the state treasurer on the warrant of any official. Const., art. 7, sec. 15, provides that all moneys in the county treasury at the end of each fiscal year, not needed for current expenses, shall be transferred to the county warrant redemption fund. The last section plainly contemplates only moneys actually belonging to the county. This meaning is apparent from a reading of the entire section

as well as from the discussion of the section in the constitutional convention. If the term "all moneys in the county treasury," as used in Const., art. 7, sec. 15, refers only to moneys belonging to the county, which it undoubtedly does, the expression "no money . . . . from the county treasury" must be held to refer only to moneys belonging to the county and not to moneys belonging to the state.

While Const., art. 7, sec. 14, does not appear to have been heretofore construed by this court, what may be termed the companion section, Const., art. 7, sec. 13, which provides that no money shall be drawn from the treasury (state), but in pursuance of appropriations made by law, was passed on in *State v. State Board of Education*, 33 Ida. 415, 196 Pac. 201. It was there held that "The proceeds of federal land grants, direct federal appropriations, and private donations to the University, are trust funds, and are not subject to the constitutional requirement that money must be appropriated before it is paid out of the state treasury."

Since money belonging to such a constitutional corporation as the board of regents of the University may be withdrawn from the state treasury without an appropriation, we are justified in holding that money in a county treasury, not belonging to the county, but belonging to the state, may be withdrawn from the county treasury and paid to the state without a warrant therefor. Under the 1923 amendment of. C. S., sec. 1582, twenty-five per cent of "all moneys collected in any county of the state from the licensing of motor vehicles and from dealers and manufacturers of motor vehicles and from fines and penalties . . . . " belong to the state. We conclude that Const., art. 7, sec. 14, has no application to such funds.

[5] What is said by counsel to be the principal question for determination is whether the 1925 amendment, which reduced the amount the state was entitled to receive from the licensing of motor vehicles from twenty-five to ten per cent, had such a retrospective effect as to cover and include the

moneys so collected in 1925 prior to March 10, 1925. Since the act carried an emergency clause and was approved by the Governor on March 10, 1925, it became effective on that day. (Const., art. 3, sec. 22.) In *Cook v. Massey,* 38 Ida. 264, 35 A. L. R. 200, 220 Pac. 1088, this court quoted with approval the rule stated by Cooley (Cooley on Const. Lim., 7th ed., p. 529) that:

"It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively."

No legislative intent is expressed in the 1925 amendment that it should operate retrospectively. C. S., sec. 1582, as amended by Sess. Laws 1923, chap. 115, provides for the collection of moneys "from the licensing of motor vehicles and from dealers and manufacturers of motor vehicles and from fines and penalties. . . . . " This act was in effect until amended; and it does not appear that there was any intent on the part of the legislature, in enacting the 1925 amendment, to treat 1925 as an entire period or unit of time for the application of the 1925 amendment. In the absence of the expression of an intention that the 1925 amendment should operate retrospectively, it must be held that the 1925 amendment became effective on the day the act was approved and that twenty-five per cent of the moneys collected prior to March 10, 1925, belongs to the state.

Affirmed.

William A. Lee, C. J. and Budge, Givens, and Taylor, JJ., concur.